NANCY SCHROEDER, PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID S. SCHENCK, APPELLEE, V. JOYCE BARNES, APPELLANT.

565 N.W.2d 749

Filed June 17, 1997.   No. A-96-304.

Leigh A. Rademacher and Larry R. Forman, of Dixon Dixon & Jessup Ltd., L.L.P., for appellant.

Dean J. Jungers for appellee.

MILLER-LERMAN, Chief Judge, and HANNON and INBODY, Judges.

HANNON, Judge.

Nancy Schroeder, personal representative of the estate of David S. Schenck, commenced this action to recover the possession of certain real estate. The allegations of the petition and the procedure followed indicate that the proceedings were brought under Neb. Rev. Stat. §§ 76-1440 to 76-1447 (Reissue 1990). The defendant, Joyce Barnes, did not file an answer but appeared at a hearing held on August 23, 1995. The record shows that all parties were present in person and through their respective counsel. No evidence was introduced, and no formal stipulations were made. Barnes' counsel began by arguing the effect of certain probate proceedings and the possible common-law wife status of Barnes. Responding to an inquiry by the court, the parties admitted that there was no dispute that Schroeder was the personal representative of the estate. Barnes also admitted that the property located at 6009 South 20th Street in Omaha, Nebraska, was an asset of the estate.

Schroeder's attorney stated, "We gave her [Barnes] a 30-day notice, but she acknowledged that we gave her a three-day notice, and followed all the steps." None of the other statements of counsel could be considered as a stipulation or admission, but there were a few assertions as to the law, assuming certain facts. Thereupon, the judge said: "I'll show — I will find judgment for the plaintiff. Restitution ordered. I'll allow you some time to get things in order."

The record and the bill of exceptions therefor establish two facts: (1) Schroeder is the personal representative of the estate, and (2) the estate owns the real estate described in the petition. From the brief filed by Barnes in this case, we also conclude the record shows that Barnes is in possession of the property. There is no other evidence, stipulation, or admission. The record in this case is so deficient that we feel compelled to reverse the judgment of the trial court on the basis of plain error.

■ Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Priest v. Priest*, 251 Neb. 76, 554 N.W.2d 792 (1996).

■ "The unsupported assertions of attorneys during court proceedings do not establish the facts asserted unless the other appropriate parties stipulate to such facts." *In re Interest of Amanda H.*, 4 Neb. App. 293, 300, 542 N.W.2d 79, 85 (1996). The statutory basis of this position is found in Neb. Rev. Stat. § 25-1240 (Reissue 1995), which provides for the means of taking oral testimony, and Neb. Rev. Stat. § 25-1243 (Reissue 1995), which provides, "An oral examination is an examination in the presence of the jury or tribunal which is to decide the fact or act upon it, the testimony being heard by the jury or tribunal from the lips of the witness."

■ Neb. Rev. Stat. § 27-603 (Reissue 1995) provides: "Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation . . . ."

■ Neb. Rev. Stat. § 7-107(2) (Reissue 1991) states that an attorney has the power

to bind his client by his agreement in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court.

■ Statements made by a party or his attorney during the course of a trial may be judicial admissions. 32 C.J.S. *Evidence* §§ 364 and 397 (1996).

■ It seems elementary that a court's judgment must be predicated upon properly admitted evidence, judicial admissions, or the stipulations of the parties; otherwise, there is no basis upon which to support judicial action. In the instant case, no evidence and nothing which can be construed as a judicial admission or stipulation exists in the record to support judicial action. Based upon the foregoing elementary principles of law, we conclude that the trial judge erred in granting a writ of restitution and that the district court erred in affirming the judgment of the county court.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.