STATE OF NEBRASKA, APPELLEE, V.
HOWARD BASSETTE, JR., APPELLANT.
571 N.W. 2d 133

Filed November 25, 1997. No. A-96-681.

Martin G. Cahill, Dakota County Public Defender, for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

MILLER-LERMAN, Chief Judge, and SIEVERS and MUES, Judges.

MILLER-LERMAN, Chief Judge.

Howard Bassette, Jr., appeals the denial of his motion for discharge, which was based on speedy trial grounds, entered by the district court for Dakota County on June 14, 1996. For the reasons recited below, we affirm.

## BACKGROUND

An information was filed in Dakota County on January 17, 1996, charging Bassette with "driving under suspension after

driving under the influence of alcohol third conviction," a Class IV felony under Neb. Rev. Stat. § 60-6,196(6) (Reissue 1993). This information is in the record on appeal. The body of the information alleges, inter alia, that Bassette was operating a motor vehicle in Dakota County on May 28, 1995, even though his operator's license had been revoked for 15 years on June 20, 1989, pursuant to the predecessor to § 60-6,196(1)(a) and (c).

Bassette filed a motion for discharge pursuant to Neb. Rev. Stat. § 29-1208 (Reissue 1995) on March 18, 1996. In his motion, Bassette claimed, in effect, that the time during which a prior dismissed case was pending when combined with the pendency of the current case violated his right to a speedy trial. This motion is in the record on appeal. Bassette specifically alleged in the motion that he had been charged with driving under suspension, subsequent offense, on June 21, 1995; that said case was dismissed on November 1, 1995; that a new case refiled as a felony was filed on November 2, 1995; that the instant information was filed on January 17, 1996; and that 193 days had elapsed since the filing of the first complaint. There is no other reference in the record or in the briefs to a case alleged to have been filed on November 2, 1995. There were no exhibits attached to the motion for discharge, and the record as it existed when presented to the trial judge for disposition of the motion for discharge did not contain the charging documents in the prior case or cases, or the related dismissal order, to which Bassette refers in his motion. On appeal, Bassette attached such documents to his brief in an apparent attempt to supplement the record.

A hearing was held on the motion for discharge on April 9, 1996. The hearing consisted of oral argument by counsel for Bassette and the State. No evidence was offered or received at the hearing. No order of dismissal or charging documents are in the bill of exceptions made at the oral argument on the motion for discharge. However, as noted above, the controlling information of January 17, 1996, and the motion for discharge filed March 18, 1996, were filed in this case at the trial level and are in the appellate transcript.

The motion for discharge, referred to as a "plea in abatement" by the trial judge, was denied by written order entered June 14, 1996.

Bassette appeals.

## ASSIGNMENT OF ERROR

Bassette claims that the trial court erred in denying his motion for discharge made pursuant to § 29-1208.

## STANDARD OF REVIEW

■ A trial court's determination of whether a complaint or information should be dismissed because of the failure of the State to provide the defendant with a speedy trial is a factual question which will be affirmed by an appellate court unless the determination was clearly erroneous. *State v. Richter*, 240 Neb. 223, 481 N.W.2d 200 (1992); *State v. Stubbs*, 5 Neb. App. 38, 555 N.W.2d 55 (1996).

## ANALYSIS

■ We note preliminarily that although the order of June 14, 1996, refers to the pending motion as a "plea in abatement," there is no dispute that the motion ruled on and from which this appeal was taken is a denial of Bassette's motion for discharge. The denial of a motion for discharge that is based on speedy trial grounds is an appealable order. See, *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997); *State v. Nearhood*, 2 Neb. App. 915, 518 N.W.2d 165 (1994).

■ Bassette argues in his brief that he was denied his right to a speedy trial. Neb. Rev. Stat. § 29-1207(1) and (2) (Reissue 1995) provides that "[e]very person . . . informed against for any offense shall be brought to trial within six months . . . from the date . . . the information [is] filed." The record shows that in the instant case the information was filed on January 17, 1996, and that Bassette moved for discharge on March 18. Six months had not elapsed between the filing of this information and the filing of the corresponding motion for discharge. There is no showing of a denial of Bassette's right to a speedy trial in this record.

 Under Nebraska jurisprudence, when a defendant is not tried within 6 months, the burden of proof is on the State to show that one or more of the excluded time periods under § 29-1207(4) is applicable. *State v. Richter, supra; State v. Beck,* 212 Neb. 701, 325 N.W.2d 148 (1982); *State v. Stubbs, supra.* It logically follows that where a defendant moves for discharge on denial of speedy trial grounds and the record affirmatively shows that 6 months has not elapsed between the filing of the information and the defendant's motion, the burden to show a denial of the right to a speedy trial is then placed on the defendant.

 In his brief on appeal, Bassette correctly notes that the statutory speedy trial provisions apply to complaints. See *State v. Vrtiska,* 227 Neb. 600, 418 N.W.2d 758 (1988). Bassette also correctly notes that the time which elapses during the pendency of complaints or informations charging the same or lesser-included offenses shall be combined and charged against the State in determining the last day for commencement of a defendant's trial pursuant to the Nebraska speedy trial act. See *State v. Sumstine,* 239 Neb. 707, 478 N.W.2d 240 (1991).

The essence of Bassette's argument that he is entitled to an absolute discharge rests on the allegation that the State had previously filed a complaint in county court charging Bassette with driving under suspension, subsequent offense, and then dismissed this case prior to filing the present information in district court. Bassette contends that the previously filed offense is a lesser-included offense of that with which he is currently charged and that, therefore, any time which had elapsed during the pendency of the original complaint for driving under suspension must be added to the time which has elapsed during the pendency of the current information for violation of § 60-6,196(6). Specifically, relying on *State v. Sumstine, supra,* Bassette argues that the time during which the complaint filed on June 21, 1995, was pending should be tacked on to the time during which the information filed January 17, 1996, was pending for speedy trial act purposes. Based on the foregoing, Bassette claims that the time of pendency of the June 21, 1995, complaint, allegedly dismissed November 1, 1995, combined with the time of pendency of the January 17, 1996, information

shows a violation of the speedy trial act as of the time the motion for discharge was filed on March 18, 1996.

As noted above, the record contained in the transcript on appeal from the trial court includes the current information filed January 17, 1996; the motion for discharge filed March 18, 1996; and the order denying the motion entered June 14, 1996. The hearing on the motion conducted on April 9, 1996, consisted solely of counsels' arguments. Those arguments referred to the existence of a prior dismissed case, which was not identified with any particularity. No evidence was offered or received which might have demonstrated the existence of the prior case in county court on which Bassette relies for his tacking argument and his claim that he was denied a speedy trial. The record on appeal shows only that an information was filed January 17, 1996, and that Bassette moved for an absolute discharge on March 18, 1996. The proper record before this court does not show a violation of the speedy trial provisions of § 29-1207(1) or (2); therefore, we cannot say that the trial court's determination denying the motion for discharge was clearly erroneous.

It is well settled that it is incumbent upon the appellant to present a record which supports the errors assigned; absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *State v. Price*, 252 Neb. 365, 562 N.W.2d 340 (1997). It is also well settled that oral argument by counsel at the trial level is not evidence. See *Schroeder v. Barnes*, 5 Neb. App. 811, 565 N.W.2d 749 (1997), citing *In re Interest of Amanda H.*, 4 Neb. App. 293, 542 N.W.2d 79 (1996). Finally, a brief may not be used to expand the record. *Sindelar v. Canada Transport, Inc.*, 246 Neb. 559, 520 N.W.2d 203 (1994).

Bassette's argument on appeal is unsupported by the record. The decision of the district court denying the motion for discharge is affirmed.

AFFIRMED.