STATE OF NEBRASKA, APPELLEE, V. TRENT D. ERB, APPELLANT.
576 N.W. 2d 839

Filed March 17, 1998.    No. A-97-527.

Jerry J. Fogarty, Deputy Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

MILLER-LERMAN, Chief Judge, and SIEVERS and INBODY, Judges.

MILLER-LERMAN, Chief Judge.

Trent D. Erb appeals from, and assigns as his sole error, the denial of his motion to discharge based on speedy trial grounds entered by the Hall County Court as affirmed by the Hall County District Court. Erb also argues in his reply brief several issues not assigned as error. For the reasons recited below, we dismiss the cause for lack of jurisdiction.

## BACKGROUND

On November 14, 1995, a complaint was filed against Erb in Hall County Court alleging three counts: driving during suspension, second offense, in violation of Neb. Rev. Stat. § 60-4,108 (Reissue 1993), a misdemeanor; driving under the influence of alcohol, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993), a misdemeanor; and escape, in violation of Neb. Rev. Stat. § 28-912(1) (Reissue 1995), a felony. Following a stipulation of the parties to transfer the case to district court, Erb was bound over to district court on January 26, 1996. An information alleging the same three counts was filed in district court on February 1. Although Erb did not appear for arraignment on February 6, his counsel was present and asked for a continuance to file a plea in abatement, which request was

granted. On February 28, Erb did not appear and his counsel again asked for a continuance.

On March 22, 1996, Erb filed a plea in abatement. The plea in abatement was sustained as to the escape charge on March 27. The balance of the case was remanded to the county court.

On April 11, 1996, Erb pled not guilty in county court and requested a jury trial. On June 11, in a joint motion, the State and Erb sought another continuance, which was granted. Trial was reset for the week of August 12.

On August 9, 1996, Erb filed a motion for discharge under Neb. Rev. Stat. § 29-1208 (Reissue 1995) for the reason that he had not been brought to trial before the running of the 6-month period provided for in the statute.

In a letter to counsel filed October 15, 1996, the county court overruled the motion to discharge. The State was directed to prepare an order. In a journal entry dated October 29, the county court overruled Erb's motion for discharge. This journal entry is signed by the county court judge and bears the seal of the county court for Hall County. However, there is no file stamp on this journal entry.

By written pleading, Erb waived his right to a jury trial on February 6, 1997. This waiver was signed by both Erb and his counsel. On February 11, count II, driving under the influence, was dismissed. The basis for dismissal is not apparent.

On February 14, 1997, a bench trial was conducted in county court at which James A. Glad, a Grand Island police officer, testified generally that on the evening of November 11, 1995, he observed a vehicle operated without taillights and that Erb was the driver. Erb was found guilty of driving during suspension, first offense. Evidently, the State agreed to forgo enhancement. Following the finding of guilt, the county court orally pronounced sentence. Erb was sentenced to 21 days in jail and 6 months' probation.

For the sake of completeness, we note that the written order pertaining to the trial proceedings incorrectly states that Erb pled guilty but correctly recites the sentence. The mittimus also correctly states the sentence.

The bill of exceptions from county court, which is part of the record on appeal from district court to this court, amply

shows that a bench trial was conducted, evidence was received, and a finding of guilt was made by the county court based on evidence which was beyond a reasonable doubt. The record thus clearly shows that the case proceeded on the basis of a not guilty plea, and the discrepancy on the written notation to the contrary is of no legal consequence. It is well settled that in the event of a discrepancy between an oral pronouncement of sentence and the written order of the sentence, the oral pronouncement controls. *State v. Temple*, 230 Neb. 624, 432 N.W.2d 818 (1988) (holding that although ordinarily, record of lower court imparts absolute verity, where there is conflict between record of judgment and verbatim record of proceedings in open court, latter prevails). We logically extend this principle and hold that where there is a trial on the merits and the record shows that a finding of guilt is based on the evidence adduced thereon, should the trial court subsequently make an incorrect written notation that guilt was based on a plea of guilty, the presumption will be made that a plea of not guilty was entered prior to or at trial. See, e.g., *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985).

On February 14, 1997, Erb filed a notice of his intention to appeal to district court. Erb assigned as his sole error on appeal to the district court the denial by the county court of his motion to discharge.

In a written journal entry, filed April 14, 1997, the district court affirmed the decision of the county court denying Erb's motion for discharge. In this order, the district court recited the procedural history recited above and concluded, inter alia, that "[i]n adding up the time against the six month speedy trial rule the Defendant was tried within the six month period when the time taken which is tolled [due] to Defendant's own tactics." Erb filed a notice of appeal to this court on May 13.

## ASSIGNMENT OF ERROR

As his sole assignment of error to this court, Erb claims that the Hall County District Court erred in affirming the Hall County Court's overruling of his motion to discharge for want of a speedy trial. For the sake of completeness, we note that in his reply brief, Erb attempts to raise additional issues, which we

do not reach because of our holding below that this court lacks jurisdiction to consider the sole properly assigned error.

## STANDARD OF REVIEW

Subject matter jurisdiction cannot be conferred upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. *Anderson v. HMO Nebraska*, 244 Neb. 237, 505 N.W.2d 700 (1993). If the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995).

Even though an extrajudicial act of a lower court cannot vest the appellate court with jurisdiction to review the merits of the appeal, the appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power, that is, the subject matter jurisdiction, to enter the judgment or other final order sought to be reviewed. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

## ANALYSIS

In the instant case, the sole assignment of error presented to the district court sitting as an intermediate appellate court was that the county court's ruling denying Erb's motion to discharge was incorrect. Erb's appeal to the district court was not timely filed.

The denial of a motion to discharge is an appealable order from which an appeal must be taken within 30 days. *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997). In the instant case, the trial court denied the motion to discharge in October 1996, and Erb did not file his notice of appeal therefrom until February 1997. The appeal of this order to the district court was not timely, and therefore, the district court lacked jurisdiction. See *id.* Where the district court lacks jurisdiction, this court acquires no jurisdiction. *Id.* Erb's appeal must be dismissed.

## CONCLUSION

Erb's appeal to the district court of the county court's denial of his motion to discharge was untimely, and the district court lacked jurisdiction to hear the appeal. Where the court from

which an appeal is made to this court lacks jurisdiction, this
court acquires no jurisdiction and the cause must be dismissed.

APPEAL DISMISSED.