STATE OF NEBRASKA, APPELLEE,
v. CURT H. HERNGREN, APPELLANT.
590 N.W. 2d 871

Filed March 16, 1999.    No. A-98-447.

Michael J. Poepsel for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

Mues, Inbody, and Carlson, Judges.

Mues, Judge.

## INTRODUCTION

Curt H. Herngren appeals the decision of the Douglas County District Court overruling his motion to dismiss based on the denial of his right to a speedy trial. On appeal, Herngren alleges that he was entitled to an absolute discharge, because both his statutory and constitutional rights to a speedy trial were violated. Finding an unconditional waiver of his statutory right to a speedy trial and a failure to present below his constitutional right to a speedy trial, we affirm the trial court's order.

## BACKGROUND

On January 29, 1996, an information was filed charging Herngren with two counts of first degree sexual assault on a child, both Class II felonies, punishable by 1 to 50 years in prison. On February 8, Herngren was arraigned and pled not guilty. His case was set for the next jury panel or as soon thereafter as it may be reached. Bond was continued. On July 15, the State's motion for a pretrial conference was granted.

At a hearing on July 23, 1996, held jointly in this case and in the case of Herngren's codefendant, his wife, the court informed his wife that she had a right to have this matter resolved within 6 months of the time the case was filed in district court. She waived her right to a speedy trial. The court, after finding that her waiver was made freely, knowingly, intelligently, and voluntarily, directed comments to Herngren as follows:

> THE COURT: Mr. Herngren, I will ask the same thing of you. Are you aware that the law in the State of Nebraska is that you have a right to have this matter resolved within six months from the time it's filed in the clerk's office?
>
> MR. HERNGREN: Yes, ma'am.
>
> THE COURT: Have you had enough time to talk to Mr. Riskowski [Herngren's attorney] about this decision before you asked the Court to waive your right to speedy trial?
>
> MR. HERNGREN: Yes.

THE COURT: And do you understand what it is that you're doing here, then, sir?

MR. HERNGREN: Yes.

THE COURT: Then the Court will make a finding that you have freely, knowingly, intelligently and voluntarily waived your rights [to] a speedy trial.

Mr. Riskow[sk]i, do you feel like it's in your client's best interests to waive a speedy trial?

MR. RISKOWSKI: Yes, your Honor.

THE COURT: Mr. Herngren, your case will also be, or has been set for jury trial on September 10. I will ask you to continue to keep in touch with your attorney.

Is Mr. Gallup going to try this?

MR. RISKOWSKI: That is my understanding.

THE COURT: . . . So it's important that you both keep in touch with your lawyers.

Anything further, counsel?

MR. ABBOUD [for the State]: Judge, just one thing. Defense counsel have indicated they do have motions that they want to file, so that September 10 date is a tentative date. I didn't want the defendants to rely on that as just a continuance to then, but actual waiver of speedy trial, and that it could be at a later date depending [on] the motions that may get filed by [his] attorney.

MR. RISKOWSKI: Certainly, apparently there were some statements that it seems to me that motions need to be filed as far as suppression.

THE COURT: If there are any hearings that will be held, they will be as a result of your attorneys filing the motions, which means that that may put it off past September. But at this point I'm allowing you to waive your six month speedy trial right, and at this point the matter is scheduled for September 10.

The docket entry for Herngren's July 23 hearing reads, in pertinent part: "Defendant being fully advised of his rights voluntarily, knowingly and intelligently waived his right to six months speedy trial until September 1996 jury panel."

Our records further contain a docket entry reflecting a September 10, 1996, pretrial conference wherein Herngren's

counsel informed the court that a motion to suppress would be filed. The court continued the trial "until suppression issues are resolved." Although the basis of the motion and the date it was filed cannot be determined from our record, Herngren's motion to suppress was overruled on November 21. An April 23, 1997, district court docket entry reflects that Herngren appeared in person with counsel to waive his right to a jury trial.

On March 27, 1998, Herngren filed a motion to dismiss "for the reason that [he] has been denied his right to a speedy trial." A hearing on the motion was held on April 6. The State asserted that Herngren had waived his right to a speedy trial. It offered no evidence in support of this contention. Herngren asserted that his waiver of his right to a speedy trial did not "last forever." He argued that his waiver was limited and lasted only until the September 1996 jury term. He conceded that his motion to suppress was responsible for the delay occurring until it was overruled on November 21, 1996, but that the 6-month period began again after that date. He offered the trial court's docket entries as support for his arguments.

The court, upon reviewing a transcript of the July 23, 1996, hearing, found that Herngren had knowingly, intelligently, and voluntarily waived his right to a speedy trial in July 1996. The court overruled Herngren's motion to dismiss. Herngren timely appealed. Our record is absent a bill of exceptions for any of the proceedings in district court following the hearing on the waiver of Herngren's right to a speedy trial until the hearing on Herngren's motion to dismiss.

## ASSIGNMENT OF ERROR

Herngren assigns as error the deprivation of his right to a speedy trial under Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 1995) and under both the U.S. and Nebraska Constitutions.

## STANDARD OF REVIEW

A trial court's determination of whether a complaint or information should be dismissed because of the failure of the State to provide the defendant with a speedy trial is a factual question which will be affirmed by an appellate court unless the

determination was clearly erroneous. *State v. Bassette*, 6 Neb. App. 192, 571 N.W.2d 133 (1997).

## DISCUSSION

■ The denial of a motion for discharge that is based on speedy trial grounds is an appealable order. *Id.* The constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). Therefore, we will discuss each separately.

*Statutory Speedy Trial.*

■ Herngren's statutory claim is governed by § 29-1207. Section 29-1207 provides that every person indicted or informed against for any offense shall be brought to trial within 6 months; the 6-month period commences when an information is filed. Certain periods of time are excludable in computing the 6-month limitation. These periods include those due to filing of motions or the absence or unavailability of the defendant. The burden is upon the State to bring an accused to trial within the time provided by law, and if a defendant is not brought to trial within the 6 months provided for in § 29-1207, the defendant is entitled to an absolute discharge from the offense in the absence of an express waiver or a waiver of time as provided for in the speedy trial statutes § 29-1208 and Neb. Rev. Stat. § 29-1209 (Reissue 1995). *State v. Stubbs*, 5 Neb. App. 38, 555 N.W.2d 55 (1996), *aff'd* 252 Neb. 420, 562 N.W.2d 547 (1997).

■ A defendant may waive his right to a speedy trial under § 29-1207 so long as he is properly advised of his right to a speedy trial and the waiver is entered voluntarily, knowingly, and intelligently. *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989). Once a trial court has accepted a defendant's waiver of his statutory right to a speedy trial, the burden of proving that the waiver is invalid is upon the defendant to show by a preponderance of the evidence that he did not voluntarily, knowingly, or intelligently waive his right to a speedy trial. *Id.*

It is clear from our record that Herngren was advised of his statutory right to a speedy trial. Although the district court's colloquy on the subject was abbreviated, Herngren does not

contend that this waiver of that right was involuntary, unknowing, or unintelligent. Rather, he contends it was limited to the specific time period from July 23, 1996, to the September 1996 jury term in accordance with the district court's journal entry of July 23. Herngren also concedes that the time during which his motion to suppress was pending is excludable. Since he has failed to present us with a record of when his motion to suppress was filed, we presume that he is conceding that the entire period from July 23 to November 21, 1996, the date his motion to suppress was overruled, is excludable. However, he alleges that his waiver was conditional and limited and that time began to run again on November 21. In any event, it is Herngren's contention that the approximate 16-month delay from that date to the date of his filing the motion to dismiss on March 27, 1998, entitles him to an absolute discharge under § 29-1208. The State argues that Herngren unconditionally waived his statutory right to a speedy trial on July 23, 1996, that time stopped running at that point, and that no time has run since that date.

The nature and extent of Herngren's waiver is called into question by a conflict between the journal entry and the bill of exceptions. As previously quoted, the district court's journal entry clearly states that Herngren "waived his right to six months speedy trial *until* September 1996 jury panel." (Emphasis supplied.) However, the State contends that the aforementioned colloquy between Herngren, the court, and counsel at the July 23, 1996, hearing is a verbatim transcript, which evidences a different intent, that being for a full and unconditional waiver of the right to a speedy trial. When there is a conflict between the record of a judgment and the verbatim record of the proceedings in open court, the latter prevails. *State v. Erb*, 6 Neb. App. 672, 576 N.W.2d 839 (1998).

A trial court's determination of whether a complaint or information should be dismissed because of the failure of the State to provide the defendant with a speedy trial is a factual question which will be affirmed by an appellate court unless the determination was clearly erroneous. *State v. Bassette*, 6 Neb. App. 192, 571 N.W.2d 133 (1997). Here, the judge that had originally accepted the waiver essentially found at the dismissal hearing that the waiver was full and unconditional. Although an order

nunc pro tunc would have corrected the earlier mistake in the journal entry and cleared up any confusion, we conclude that the court's finding has support in the record presented and is, therefore, not clearly erroneous.

At the July 23, 1996, hearing, the judge stated on the record: "Then the Court will make a finding that you have freely, knowingly, intelligently and voluntarily waived your rights [to] a speedy trial." There is nothing conditional or limited about that finding, and there was no objection to it made by Herngren or his counsel. Moreover, at the conclusion of the hearing, the trial judge repeated that she was allowing a waiver of Herngren's "six month speedy trial right, and *at this point* the matter is scheduled for September 10." (Emphasis supplied.) The intervening caveat by the prosecutor that this is an "actual waiver of [a] speedy trial" and not just a "continuance" to a later date, which was verbally acquiesced in by Herngren's counsel, sets the stage for the court's qualifying the trial date as being a tentative one, that is, "at this point." September 10 was the scheduled date.

The State has proved by a preponderance of the evidence that Herngren unconditionally waived his right to a speedy trial on July 23, 1996, and that the waiver has not been terminated. The 6-month time period provided for in § 29-1207 would have run on July 29, 1996. See *State v. Sumstine*, 239 Neb. 707, 478 N.W.2d 240 (1991) (move forward 6 months, back up 1 day, and add all excludable periods). Herngren's waiver suspended the running of the 6 months before it ran out. Upon Herngren's written request to terminate his waiver, the 6-month period begins to run anew, and the State must bring him to trial within that time period. See *State v. Anderson*, 232 Neb. 187, 440 N.W.2d 203 (1989) (defendant may terminate his waiver of speedy trial by filing written notice with clerk of court and serving prosecutor; upon termination, 6-months begins anew). As no 6-month period has yet run, the trial court did not err in overruling Herngren's motion to dismiss on the statutory speedy trial ground.

*Constitutional Speedy Trial.*

Herngren argues that the lapse of time from the filing of the information is "unexplained, unreasonable and inordinate" and

that the State has not offered any reasonable or satisfactory explanation for the delay. Brief for appellant at 11. Therefore, he argues that his constitutional right to a speedy trial was violated.

Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which courts must approach each case on an ad hoc basis. This balancing test involves four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *State v. Turner,* 252 Neb. 620, 564 N.W.2d 231 (1997), citing *State v. Trammell,* 240 Neb. 724, 484 N.W.2d 263 (1992). See, also, *Barker v. Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

Although the court's finding of a waiver was general, Herngren did not expressly waive his constitutional right to a speedy trial at the July 23, 1996, hearing. During the waiver hearing, the district court asked Herngren only about his awareness of the "right to have this matter resolved within six months." Herngren then waived his "right to speedy trial," an obvious reference to the 6-month period discussed in § 29-1207. However, assuming without deciding that his waiver was effective only as to the statutory right to a speedy trial, at the hearing on the motion to discharge, Herngren did not argue that his discharge was mandated by a violation of his constitutional right to a speedy trial. Instead, the focus was on the "six months" statutory period and the July 23 journal entry. Furthermore, no evidence was adduced on any of the four factors delineated in *State v. Turner, supra.*

Generally, a constitutional question not properly raised in the trial court will not be considered on appeal. *State v. Oldfield,* 236 Neb. 433, 461 N.W.2d 554 (1990). See, also, *State v. Kearns,* 245 Neb. 728, 514 N.W.2d 844 (1994) (appellate court does not review questions concerning defendant's constitutional right to speedy trial when those questions were not raised in trial court or appellate court). Because Herngren did not contend to the trial court that a deprivation of his constitutional right to a speedy trial compelled a dismissal of these proceedings, we shall not review that question here.

## CONCLUSION

The trial court's finding that Herngren had waived his statutory right to a speedy trial was not clearly erroneous. Therefore, its denial of his motion to dismiss on that ground is affirmed. Herngren's claim on appeal that his constitutional right to a speedy trial had been violated was not presented below, and we therefore do not review it. The district court's order denying Herngren's motion for absolute discharge is affirmed.

AFFIRMED.