STATE OF NEBRASKA, APPELLANT, V.
ERIC M. KNUDTSON, APPELLEE.

636 N.W.2d 379

Filed December 14, 2001.   No. S-00-1307.

James S. Jansen, Douglas County Attorney, and Donald W. Kleine for appellant.

Emil M. Fabian, of Fabian & Thielen, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

The Douglas County District Court granted Eric M. Knudtson's motion for absolute discharge based on a denial of the right to a speedy trial. The Nebraska Court of Appeals granted the State's application to docket an error proceeding, and we moved the case to our docket pursuant to our power to regulate the caseloads of this court and the Court of Appeals. See Neb. Rev. Stat. §§ 24-1106(3) and 29-2315.01 (Reissue 1995).

## SCOPE OF REVIEW

Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Steele*, 261 Neb. 541, 624 N.W.2d 1 (2001).

## FACTS

On August 11, 1999, Knudtson was charged by information with first degree assault. He was arraigned on August 19, and he pleaded not guilty.

Knudtson was not present at a January 25, 2000, hearing, after which the district court granted defense counsel's motion for a continuance of 120 days. A second hearing was held on January 31, at which time Knudtson appeared personally. The district court then informed Knudtson that an entry had been made on January 25 continuing the case for 120 days and that the running of the 6-month speedy trial period had been abated as of that date. When asked if he was seeking a continuance of 120 days, Knudtson responded, "Yes, sir." Defense counsel stated that he had advised Knudtson of his constitutional and statutory rights to a speedy trial and that Knudtson understood those rights. The following colloquy took place:

THE COURT: And during this 120-day continuance, will the six months, in fact, run?

[Defense counsel]: Yes, sir.

THE COURT: Okay. So you are, in effect, waiving your right to a speedy trial by asking for and receiving this continuance. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. You're working on this now, [defense counsel]? You just got into it?

[Defense counsel]: Yes, sir, I did.

THE COURT: All right. Then the 120-day continuance again will be granted, and the running of the six months is abated — I guess it would be as of this date?

[Deputy county attorney]: As of today.

On October 3, 2000, Knudtson filed a motion for absolute discharge pursuant to Neb. Rev. Stat. § 29-1207 (Reissue 1995); article I, § 11, of the Nebraska Constitution; and the 6th and

14th Amendments to the U.S. Constitution. Knudtson asserted that the matter had been pending for 419 days and that even if the 120-day abatement based on his continuance was subtracted, there remained 299 days attributable to the State. He claimed that originally, the last date for commencement of the trial was February 11 and that after adding the 120 days allowed by the district court, the last date for commencement of trial should have been June 10. Knudtson asserted that as of the date of the motion, the statutory speedy trial deadline had been exceeded by a total of 115 days.

A transcript of the January 31, 2000, hearing was offered and received at a hearing on the motion for absolute discharge. The district court noted that while its "musings . . . might have caused some confusion," the court's comments were intended to be "more informative than anything else to remind Mr. Knudtson that during this 120-day continuance, if granted, your speedy trial date would come and go. It didn't mean and it didn't state that that would affect you at all because during the 120 days, it was your continuance."

The motion for absolute discharge was granted. In its order, the district court stated that at the time of the request for a continuance, 173 days had run on the 6-month speedy trial period and that following the continuance granted by the court, 7 days remained in the 6-month period. The district court noted that the State had made no request for any type of continuance or delay in the trial, and the order stated: "The 120 day continuance period would have expired on May 30, 2000. This matter would have had to been brought to trial at least by June 7, 2000, in order to comply with the six month rule." The district court found that Knudtson had not been brought to trial within the 6-month speedy trial period, that the State had offered no valid reason for the motion for absolute discharge to be overruled, and that the State had submitted no authority to assist the court in deciding the matter. The district court did not find that Knudtson had waived his right to a speedy trial within the meaning of § 29-1207. Rather, the district court found that Knudtson had requested and was granted a 120-day continuance, after which the time for bringing him to trial began again. The county attorney sought review of this order.

## ASSIGNMENTS OF ERROR

The State assigns that the district court erred in granting an absolute discharge because Knudtson offered no evidence to prove that his waiver of the right to a speedy trial was not made knowingly, intelligently, or voluntarily and in granting Knudtson an absolute discharge because § 29-1207 does not allow for a limited waiver of the right to a speedy trial.

## ANALYSIS

Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Steele*, 261 Neb. 541, 624 N.W.2d 1 (2001). The State argues that Knudtson waived his right to a speedy trial when he requested a 120-day continuance. Knudtson claims that he did not waive his right but merely requested a continuance of 120 days to allow his new counsel time to prepare for trial.

Section 29-1207 provides that every person indicted or informed against for any offense shall be brought to trial within 6 months. If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged. *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997). The primary burden of bringing an accused person to trial within the time provided by law is upon the State, and the failure to do so entitles the defendant to an absolute discharge. *State v. Blackson*, 256 Neb. 104, 588 N.W.2d 827 (1999). To avoid a defendant's absolute discharge from an offense charged, the State must prove by a preponderance of the evidence the existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial. *State v. Steele, supra*. See, also, Neb. Rev. Stat. § 29-1208 (Reissue 1995).

In this case, the State asserts that it does not bear the burden to prove any excludable period under § 29-1207(4) because Knudtson unconditionally waived his right to a speedy trial. Although Knudtson and the district court both stated at the hearing on the motion for absolute discharge that they understood that Knudtson had waived his right to a speedy trial for only 120 days, the State argues that this was not its understanding of the

events that took place at the January 31, 2000, hearing and that the result was unfairly prejudicial to the State. It asserts that § 29-1207 does not provide for a conditional waiver and that a defendant cannot waive his right to a speedy trial for a limited period of time. The State provides no authority to support this argument, but it suggests that *State v. Herngren*, 8 Neb. App. 207, 590 N.W.2d 871 (1999), is analogous.

In *Herngren*, the defendant was charged by information on January 29, 1996. On July 23, the trial court made a finding that the defendant had freely, knowingly, intelligently, and voluntarily waived his right to a speedy trial. At the end of the hearing, the trial court stated:

> "If there are any hearings that will be held, they will be as a result of your attorneys filing the motions, which means that that may put it off past September. But at this point I'm allowing you to waive your six month speedy trial right, and at this point the matter is scheduled for September 10."

*Id.* at 209, 590 N.W.2d at 873. The docket entry indicated that the defendant had made a knowing and intelligent waiver of his speedy trial right until the September 1996 jury panel. The defendant's counsel then filed a motion to suppress, and the case was continued until resolution of the suppression issues. The motion to suppress was overruled on November 21.

On April 23, 1997, the defendant appeared in person to waive his right to a jury trial. He filed a motion to dismiss on speedy trial grounds on March 27, 1998. The prosecution offered no evidence to support its contention that the defendant had waived his right to a speedy trial. The motion to dismiss was overruled. On appeal, the defendant argued that his knowing and voluntary waiver was limited to the specific time period from July 23 to the September 1996 jury term. He conceded that the time during which the motion to suppress was pending was excludable.

The Court of Appeals found that the journal entry and the bill of exceptions presented a conflict because the journal entry stated that the waiver was until the September 1996 jury panel, while the verbatim transcript showed that the defendant had made a full and unconditional waiver of his right. Noting that the verbatim record of the proceedings in open court prevails when there is a conflict with the record of a judgment, the Court

of Appeals held that the trial court's finding that the waiver was full and unconditional was not clearly erroneous. In addition, the prosecutor had stated that the defendant was entering an actual waiver of speedy trial and that he was not just requesting a continuance. The defendant's counsel verbally acquiesced to that statement. The Court of Appeals found that the State had proved by a preponderance of the evidence that the defendant unconditionally waived his right to a speedy trial.

The case at bar is different in several respects. In *Herngren*, the trial court that originally accepted the waiver found again at the discharge hearing that the waiver was full and unconditional and that the clearly erroneous standard was not satisfied. In the case at bar, the district court which granted the continuance also found at the discharge hearing that the court's comments at the hearing on the continuance were intended to inform Knudtson that the 6-month period would abate during the 120-day continuance. The district court made no finding that Knudtson had unconditionally waived his right to a speedy trial.

In addition, the bill of exceptions and the journal entry both reflect that Knudtson had requested a continuance of 120 days, that a continuance of 120 days was granted, and that the running of the 6-month speedy trial time period was "abated" during the continuance. There is no conflict between the verbatim record of the proceedings in open court and the journal entry, as there was in *Herngren*.

The State also relies on *State v. Lundquist*, 134 Idaho 831, 11 P.3d 27 (2000), for support. In *Lundquist*, the defendant was arraigned on January 4, 1996, and trial was set for July 9. The defendant filed a motion to separate on April 18, which was granted on May 31. On June 14, the defendant filed a motion to substitute a new attorney. The court agreed on the condition that the defendant agree to a continuance and waive his right to a speedy trial. The defendant agreed, and trial was set for September 5. The State requested and was granted a continuance and moved to consolidate the trial with the trial of two other defendants. Trial began on January 29, 1997, 1 year 25 days after the defendant's arraignment.

On appeal, the defendant did not challenge the continuance granted on his motion after substitution of counsel. Rather, he

objected to the State's continuance from September to January, arguing that his waiver of speedy trial was limited to the first continuance. The Idaho Supreme Court found that the state's speedy trial statute did not allow for a limited waiver and that once the trial had been postponed, the 6-month statutory period no longer applied.

The facts in the case at bar are distinguishable from those in *Lundquist*. Here, no trial date was ever set and trial was not postponed, as was the case in *Lundquist*. Knudtson did not waive his right to a speedy trial for an indefinite period. His waiver was for the 120-day continuance only. The district court informed Knudtson that the 6-month period would expire during the 120-day continuance, and Knudtson indicated that he was aware of that fact. The district court also advised Knudtson that the "running of the six months" was abated. However, the district court made no finding that Knudtson had knowingly, intelligently, and voluntarily waived his right to a speedy trial.

The State argues that Knudtson's waiver was absolute and cannot be limited in time. Section 29-1207 does not mention a waiver or suggest that a waiver cannot be limited in time. In addition, the statute provides that the 6-month period shall exclude "[t]he period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel." § 29-1207(4)(b). The statute does not provide that requesting a continuance results in a complete waiver of the right to a speedy trial; rather, it provides that the delay caused by a continuance granted for the defendant is excluded from the 6-month period and counted against the defendant.

In this case, the information was filed on August 11, 1999. The continuance was initially granted on January 25, 2000, and then again on January 31, when Knudtson was present at the hearing with counsel. The motion for absolute discharge was filed on October 3. No trial had been scheduled or commenced prior to the filing of the motion. Between January and October, the State made no request for a continuance, and the record does not show that the State was actively proceeding toward trial.

To obtain absolute discharge under § 29-1208, a defendant is not required to show prejudice sustained as the result of failure to bring the defendant to trial within the 6 months in accordance

with § 29-1207(2). *State v. Baird,* 259 Neb. 245, 609 N.W.2d 349 (2000). Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Steele,* 261 Neb. 541, 624 N.W.2d 1 (2001). The State did not try Knudtson within the 6-month speedy trial period, and the district court's determination to grant the motion for absolute discharge was not clearly erroneous.

## CONCLUSION

We conclude that the State did not bring Knudtson to trial within the required time. The district court's determination that the charge against Knudtson should be dismissed is not clearly erroneous, and the State's exception is overruled.

EXCEPTION OVERRULED.

McCORMACK, J., participating on briefs.