**Ex Parte Oscar Roy DOSTER.**

No. 10–08–00276–CR.

Court of Appeals of Texas,
Waco.

Feb. 4, 2009.

Discretionary Review Granted
June 10, 2009.

Frank Blazek, Smither Martin Henderson & Blazek PC, John E. Wright, Law Office of John E. Wright PC, Huntsville, for relator.

Wesley H. Mau, Office of Atty. Gen., Law Enforcement Division, Austin, for respondent.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.*

* This case was submitted and originally decided with former Justice Vance on the panel,

## OPINION

REX D. DAVIS, Justice.

The State's motion for rehearing is granted. The Court's Opinion and Judgment dated December 31, 2008 and the Dissenting Opinion dated December 31, 2008 are withdrawn, and this Opinion and the Judgment dated February 4, 2009, are substituted therefor.

Appellant Oscar Roy Doster is charged by indictment with capital murder. He moved to dismiss the indictment under the Interstate Agreement on Detainers Act (the IADA). *See* TEX.CODE CRIM. PROC. ANN. art. 51.14 (Vernon 2006). The trial court denied that motion. Doster then filed a pretrial application for writ of habeas corpus seeking the same relief under the IADA, and after a hearing, the trial court denied habeas relief. Doster appeals, asserting in one issue that the trial court erred in denying habeas relief because his trial was not commenced within 120 days of his arrival in Freestone County, in violation of the IADA. We will affirm.

■ The IADA is a "congressionally sanctioned interstate compact" between the adopting states, the Federal Government, and the District of Columbia. *See* U.S. Const. art. 1, § 10, cl. 3; TEX.CODE CRIM. PROC. ANN. art. 51.14. As such, it is a federal law subject to federal construction. *See New York v. Hill,* 528 U.S. 110, 111, 120 S.Ct. 659, 662, 145 L.Ed.2d 560 (2000). Article IV(c) of article 51.14 of our Code of Criminal Procedure in Texas requires that trial "shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of

the matter may grant any necessary or reasonable continuance." TEX.CODE CRIM. PROC. ANN. art. 51.14, Art. IV(c). The sanction for failing to proceed to trial is dismissal with prejudice under Article IV(e). *Id.* Art. IV(e). But the threshold issue in this appeal is whether the IADA applies for Doster to be able to invoke its protections.

Doster arrived in Texas, having been extradited from Alabama, on December 27, 2007. At arraignment on January 28, 2008, the trial court set trial on the merits for August 4, 2008. Thus, the 120–day period, if it applies, expired on April 25, 2008. The record reflects that Doster did not object to the August setting and, in fact, his counsel stated that he might need more time to prepare beyond the August date and might ask for a continuance. At a hearing on March 25, 2008, Doster's counsel urged that he be tried within 120 days in "compliance with the interstate agreement on detainers. That's recognized as Article 51.14 of the Texas Code of Criminal Procedure." The State's position was that Doster had not objected at the January 28 arraignment when trial was set for August 4, 2008, a date well past the expiration of the 120–day period. The State was not prepared to address the IADA's requirements and requested additional time to "see if it's actually required." The trial judge instructed the State to "review the interstate compact and respond."

On April 11, Doster filed an "Objection to Delay," again calling the trial court's attention to the 120–day period under the IADA. On May 2, he filed a motion to dismiss because trial had not commenced on or before April 25. At a hearing on

but he retired effective December 31, 2008. Justice Davis, who took office on January 1, 2009, replaces Justice Vance on this panel.

June 24, the trial court took judicial notice of Doster's motions, and the parties filed a "Stipulation of Facts." The stipulation includes the following:

1. Defendant arrived in Texas on December 27, 2007, pursuant to an agreement for temporary custody between the State of Texas and the State of Alabama.

2. Prior to his arrival in Texas, Defendant had entered into a term of imprisonment in a penal institution in the State of Alabama.[1]

3. While the Defendant was in the Alabama prison system, Freestone County, Texas, placed a detainer on him for the offense of capital murder.

4. While in Alabama, Defendant did not make a request for disposition of the Texas detainer.

5. Defendant did not waive extradition and, in fact, opposed his transfer to Texas.

6. The State of Texas did extradite Defendant from Alabama for the purposes of this prosecution.

Doster argued for relief under the IADA, pointing out that he had made a demand for a trial within the 120–day period. The State argued that Doster had agreed to an August 4 trial date, which relieved the State of the duty to try him within 120 days. The trial court denied the motion to dismiss.

On July 8, Doster filed a pretrial application for a writ of habeas corpus, asserting that a trial would violate the provisions of the IADA and seeking a stay of the trial. The trial court heard the application on July 28. Doster, pointing to the stipulation of facts and prior judicial notice, argued that he was entitled to a dismissal with prejudice. The State asserted its pri-

or position concerning the August setting and, while urging denial of the application, agreed to a stay of the trial pending this appeal. The trial court denied the application but stayed the trial.

■ The decision to grant a defendant's motion to dismiss respecting an untried indictment, information, or complaint under the IADA is a question of federal law reviewed de novo. We use federal, not Texas, rules to interpret the Act. *State v. Sephus,* 32 S.W.3d 369, 372 (Tex.App.-Waco 2000, pet. ref'd) (citing *United States v. Hall,* 974 F.2d 1201, 1204 (9th Cir. 1992)); *see also Birdwell v. Skeen,* 983 F.2d 1332, 1336 (5th Cir.1993) (construing the 180–day period under Article III of the IADA). In a habeas corpus proceeding, the burden of proof is on the applicant. *Ex parte Sparks,* 206 S.W.3d 680, 683 (Tex.Crim.App.2006). On the appeal of a habeas claim, we review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex. Crim.App.2003), *overruled on other grounds by Ex parte Lewis,* 219 S.W.3d 335 (Tex.Crim.App.2007).

■ In his opening brief, Doster initially alleged that he was extradited to Texas under the IADA. (Brief of Appellant at 1). It appears from the record that all parties, including the trial judge, assumed that to be the case, but nothing in the record evidences that Doster was extradited under the IADA. We therefore requested a supplemental clerk's record from the underlying cause, and it did not reveal that Doster was extradited under the IADA. *See* TEX.CODE CRIM. PROC. ANN. art. 51.14, Art. IV(a) (providing the requesting court having jurisdiction of indictment to have

---

**1.** According to the State, Doster has been   sentenced to death in Alabama.

the request "duly approved, recorded, and transmitted"). We also asked the parties for supplemental briefing on the IADA's applicability, and in his supplemental brief, Doster asserted that "the State used procedures under the Texas Code of Criminal Procedure, Art. 51.13, the Uniform Criminal Extradition Act, to obtain the presence of Appellant in Texas." [2]

Despite this critical admission, Doster nevertheless maintains that the IADA applies by Texas' mere placing a detainer on him in Alabama, irrespective of the fact that he was not extradited to Texas under the IADA, and he relies on *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978) as authority. *Mauro*, however, is distinguishable. There the Supreme Court held that because a detainer was filed against the prisoner, the federal government's use of a writ of habeas corpus *ad prosequendum* to obtain custody of the prisoner was a "written request" within the meaning of the IADA. *See id.* at 349, 361–62, 98 S.Ct. at 1842, 1847–48. A writ of habeas corpus *ad prosequendum* is an order from a federal district court to secure the presence, for purposes of trial, of defendants in federal criminal cases, including defendants then in state custody. *See id.* at 357–58, 98 S.Ct. at 1846. Therefore, if a detainer is filed, a writ issued by a trial court can serve as a written request by the trial court because it is "approved, recorded, and transmitted" by the court. *See* TEX.CODE CRIM. PROC. ANN. art. 51.14, Art. IV(a). But nothing in *Mauro* nor in article 51.13 or article 51.14 leads us to conclude that an executive request for extradition under article 51.13 is the equivalent of a judicial writ or request under article 51.14.

Accordingly, we find that the trial court did not err or abuse its discretion in denying Doster relief on his pretrial application for writ of habeas corpus. We overrule Doster's sole issue and affirm the trial court's order denying habeas relief.

---

**2.** If a defendant is being extradited to Texas under Texas Code of Criminal Procedure article 51.13, the executive branch of Texas (the Governor) initiates the defendant's return to Texas. *See* TEX.CODE CRIM. PROC. ANN. art. 51.13, §§ 5, 23 (Vernon 2006).