IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00415-CR

 

Ex
parte James Harnage

 

 

 

 



From the 87th District
Court

Freestone County, Texas

Trial Court No. 07-071-CR

 



MEMORANDUM  Opinion



 








            James Harnage contends that
the trial court should have dismissed the charges against him because he was
not brought to trial within the time limits set by the Interstate Agreement on
Detainers Act.  We will affirm the order denying his pretrial habeas
application.

            Harnage was an inmate in the
 Alabama prison system when he mailed a motion for final disposition of
untried indictments, informations or complaints to the Freestone County
District Clerk on July 28, 2005.  He mailed a “memorandum” to the district
attorney on the same date requesting final disposition of such untried
charges.  The district clerk responded by letter dated August 2, 2005 and
advised Harnage that there was “no case filed in District Court to date.” 
According to an Alabama Department of Corrections inmate summary admitted in
evidence, a detainer was lodged against Harnage by the Freestone County
Sheriff’s Department on August 15, 2005.  Harnage was extradited from Alabama to Texas in October 2007.

Article III

            The State contends that
Harnage’s request for final disposition did not invoke the provisions of the
IADA because he delivered it to Texas authorities before a detainer was lodged
against him.  We agree.

            Article III(a) of the IADA
provides in pertinent part:

            Whenever a person has
entered upon a term of imprisonment in a penal or correctional institution of a
party state, and whenever during the continuance of the term of imprisonment
there is pending in any other party state any untried indictment, information,
or complaint on the basis of which a detainer has been lodged against the
prisoner, he shall be brought to trial within 180 days after he shall have
caused to be delivered to the prosecuting officer and the appropriate court of
the prosecuting officer’s jurisdiction written notice of the place of his
imprisonment and his request for a final disposition to be made of the
indictment, information, or complaint.

 

Tex. Code Crim.
Proc. Ann. art. 51.14, Art.
III(a) (Vernon 2006).

            Our research has disclosed
one case in which it was held that an inmate’s request for final disposition is
effective to invoke the provisions of the IADA even if the request is delivered
before a detainer has been lodged against the inmate.  See Barnett v. Donald,
No. 5:06-CV-225, 2007 U.S. Dist. LEXIS 71526, at *3 (M.D. Ga. Sept. 26, 2007)
(citing United States v. Hutchins, 489 F. Supp. 710 (N.D. Ind. 1980)).[1]

            Virtually every other state[2]
and federal[3]
court which has addressed the issue has concluded that the “provisions of
article III apply only when a ’detainer’ has first been ‘lodged against
the prisoner.’”  State v. Miles, 101 S.W.3d 180, 183 (Tex. App.—Dallas
2003, no pet.) (emphasis added); accord State v. Votta, 267 S.W.3d 197,
201 (Tex. App.—Corpus Christi 2008, pet. granted); Walker v. State, 201
S.W.3d 841, 845 (Tex. App.—Waco 2006, pet. ref’d).

            Here, because a detainer was
not lodged against Harnage until after he made his request for final
disposition, his request was not effective to invoke the provisions of Article
III of the IADA.

Article IV

            Article IV of the IADA
requires the State to bring a defendant to trial within 120 days after arrival
in Texas.  However, this provision applies only if the defendant is brought to Texas pursuant to a detainer lodged against him under the IADA.  See Tex. Code Crim. Proc. Ann. art. 51.14,
Art. IV (Vernon 2006); Ex parte Doster, 282 S.W.3d 110, 113 (Tex.
App.—Waco 2009, pet. granted).

            The State contends that
Harnage was extradited by the governor’s office under article 51.13 of the Code
of Criminal Procedure.  Harnage does not dispute this assertion, and there is
nothing in the record to indicate that he was brought to Texas under the IADA. 
Therefore, the provisions of Article IV of the IADA do not apply.  See
Doster, 282 S.W.3d at 113.

The order denying Harnage’s pretrial
habeas application is affirmed.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed July 15, 2009

Do not publish

[CR25]









[1]
              In Hutchins,
the federal district court observed that there are four requirements which must
be satisfied to invoke Article III of the IADA: (1) the defendant is serving a
term of imprisonment in a party state; (2) during that incarceration, charges
are pending against the defendant in another party state; (3) a detainer is
lodged against the defendant by the other state; and (4) the defendant delivers
a written request for final disposition of the untried charges to the proper
authorities in the other state.  United States v. Hutchins, 489
F. Supp. 710, 713 (N.D. Ind. 1980).  A detainer was lodged against the
defendant in Hutchins and he delivered his request for final disposition
about one and a half months before he was formally sentenced in the state where
he was being held.  Id. at 712.  The court rejected the U.S. Attorney’s
contention that Hutchins’s IADA request was ineffective because it was
delivered before sentencing.  Id. at 715.  The court instead held that,
although the four requirements specified are listed in a particular order,
“there is no explicit requirement that they accrue in any special sequence.”  Id. at 713.  Thus, the court concluded that Hutchins’s request for final disposition
was premature but took effect as of the date of his sentencing.  Id. at 715.

 





[2]
              See, e.g.,
Stephenson v. State, 801 So. 2d 34, 36 (Ala. Crim. App. 2000); People v.
Brooks, 234 Cal. Rptr. 573, 578 (Cal. Ct. App. 1987); People v. Lincoln, 601 P.2d 641, 642 (Colo. Ct. App. 1979); Remick v. Lopes, 525 A.2d
502, 506 (Conn. 1987); State v. Wood, 241 N.W.2d 8, 12-13 (Iowa 1976); Yost v. Smith, 862 S.W.2d 852, 853 (Ky. 1993); State v. Steele,
624 N.W.2d 1, 6 (Neb. 2001); State v. Ferdinando, 260 S.E.2d 423, 426
(N.C. 1979); State v. Coffman, 650 P.2d 144, 146 (Or. Ct. App. 1982); State
v. Newman, 367 A.2d 200, 202 (R.I. 1976); State v. Welker, 141 P.3d
8, 12 (Wash. 2006).

 





[3]
              See, e.g., New
York v. Hill, 528 U.S. 110, 112, 120 S. Ct. 659, 662, 145 L. Ed. 2d 560
(2000); Dixon v. United States, 592 F.2d 329, 333 (6th Cir. 1979); Barnett
v. Clark, No. 1-06-CV-235, 2008 U.S. Dist. LEXIS 4738, at *9 (E.D. Tenn. Jan. 22, 2008).