

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00415-CR

## EX PARTE JAMES HARNAGE

**From the 87th District Court
Freestone County, Texas
Trial Court No. 07-071-CR**

## MEMORANDUM OPINION

James Harnage contends that the trial court should have dismissed the charges against him because he was not brought to trial within the time limits set by the Interstate Agreement on Detainers Act. We will affirm the order denying his pretrial habeas application.

Harnage was an inmate in the Alabama prison system when he mailed a motion for final disposition of untried indictments, informations or complaints to the Freestone County District Clerk on July 28, 2005. He mailed a "memorandum" to the district attorney on the same date requesting final disposition of such untried charges. The district clerk responded by letter dated August 2, 2005 and advised Harnage that there

was "no case filed in District Court to date."  According to an Alabama Department of Corrections inmate summary admitted in evidence, a detainer was lodged against Harnage by the Freestone County Sheriff's Department on August 15, 2005.  Harnage was extradited from Alabama to Texas in October 2007.

## Article III

The State contends that Harnage's request for final disposition did not invoke the provisions of the IADA because he delivered it to Texas authorities before a detainer was lodged against him.  We agree.

Article III(a) of the IADA provides in pertinent part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint.

TEX. CODE CRIM. PROC. ANN. art. 51.14, Art. III(a) (Vernon 2006).

Our research has disclosed one case in which it was held that an inmate's request for final disposition is effective to invoke the provisions of the IADA even if the request is delivered before a detainer has been lodged against the inmate.  *See Barnett v. Donald*,

No. 5:06-CV-225, 2007 U.S. Dist. LEXIS 71526, at *3 (M.D. Ga. Sept. 26, 2007) (citing *United States v. Hutchins*, 489 F. Supp. 710 (N.D. Ind. 1980)).[1]

Virtually every other state[2] and federal[3] court which has addressed the issue has concluded that the "provisions of article III apply only when a 'detainer' has *first* been 'lodged against the prisoner.'" *State v. Miles*, 101 S.W.3d 180, 183 (Tex. App.—Dallas 2003, no pet.) (emphasis added); *accord State v. Votta*, 267 S.W.3d 197, 201 (Tex. App.—Corpus Christi 2008, pet. granted); *Walker v. State*, 201 S.W.3d 841, 845 (Tex. App.—Waco 2006, pet. ref'd).

Here, because a detainer was not lodged against Harnage until after he made his request for final disposition, his request was not effective to invoke the provisions of Article III of the IADA.

---

[1]     In *Hutchins*, the federal district court observed that there are four requirements which must be satisfied to invoke Article III of the IADA: (1) the defendant is serving a term of imprisonment in a party state; (2) during that incarceration, charges are pending against the defendant in another party state; (3) a detainer is lodged against the defendant by the other state; and (4) the defendant delivers a written request for final disposition of the untried charges to the proper authorities in the other state. *United States v. Hutchins*, 489 F. Supp. 710, 713 (N.D. Ind. 1980). A detainer was lodged against the defendant in *Hutchins* and he delivered his request for final disposition about one and a half months before he was formally sentenced in the state where he was being held. *Id.* at 712. The court rejected the U.S. Attorney's contention that Hutchins's IADA request was ineffective because it was delivered before sentencing. *Id.* at 715. The court instead held that, although the four requirements specified are listed in a particular order, "there is no explicit requirement that they accrue in any special sequence." *Id.* at 713. Thus, the court concluded that Hutchins's request for final disposition was premature but took effect as of the date of his sentencing. *Id.* at 715.

[2]     *See, e.g., Stephenson v. State*, 801 So. 2d 34, 36 (Ala. Crim. App. 2000); *People v. Brooks*, 234 Cal. Rptr. 573, 578 (Cal. Ct. App. 1987); *People v. Lincoln*, 601 P.2d 641, 642 (Colo. Ct. App. 1979); *Remick v. Lopes*, 525 A.2d 502, 506 (Conn. 1987); *State v. Wood*, 241 N.W.2d 8, 12-13 (Iowa 1976); *Yost v. Smith*, 862 S.W.2d 852, 853 (Ky. 1993); *State v. Steele*, 624 N.W.2d 1, 6 (Neb. 2001); *State v. Ferdinando*, 260 S.E.2d 423, 426 (N.C. 1979); *State v. Coffman*, 650 P.2d 144, 146 (Or. Ct. App. 1982); *State v. Newman*, 367 A.2d 200, 202 (R.I. 1976); *State v. Welker*, 141 P.3d 8, 12 (Wash. 2006).

[3]     *See, e.g., New York v. Hill*, 528 U.S. 110, 112, 120 S. Ct. 659, 662, 145 L. Ed. 2d 560 (2000); *Dixon v. United States*, 592 F.2d 329, 333 (6th Cir. 1979); *Barnett v. Clark*, No. 1-06-CV-235, 2008 U.S. Dist. LEXIS 4738, at *9 (E.D. Tenn. Jan. 22, 2008).

**Article IV**

Article IV of the IADA requires the State to bring a defendant to trial within 120 days after arrival in Texas. However, this provision applies only if the defendant is brought to Texas pursuant to a detainer lodged against him under the IADA. *See* TEX. CODE CRIM. PROC. ANN. art. 51.14, Art. IV (Vernon 2006); *Ex parte Doster*, 282 S.W.3d 110, 113 (Tex. App.—Waco 2009, pet. granted).

The State contends that Harnage was extradited by the governor's office under article 51.13 of the Code of Criminal Procedure. Harnage does not dispute this assertion, and there is nothing in the record to indicate that he was brought to Texas under the IADA. Therefore, the provisions of Article IV of the IADA do not apply. *See Doster*, 282 S.W.3d at 113.

The order denying Harnage's pretrial habeas application is affirmed.


FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed July 15, 2009
Do not publish
[CR25]