Jerome M. Lasky, J.
Sarah MeConico, a respondent herein, was injured in a motor vehicle accident in Nassau County on March 1, 1961, allegedly due to the negligence of Baron Motors, Inc., one of the respondents herein. Sarah MeConico was removed from the scene of the accident to North Shore Hospital in Nassau County, and was treated there until May 6,1961, when she was released. On or about December 5, 1962, a hospital lien was filed by North Shore Hospital in the County Clerk’s office, Nassau County, pursuant to section 189 of the Lien Law, and it is asserted in the moving papers on this motion that due notice of this lien was given to all parties concerned. The moving papers further assert that Sarah MeConico commenced an action against Baron Motors, Inc., arising out of this accident, that this action was settled for a sum in excess of the amount specified in the hospital lien, but that Sarah MeConico’s counsel and the insurance company representing Baron Motors, Inc., have refused to honor the hospital lien.
The instant motion is made by North Shore Hospital in this court pursuant to subdivision 6-a of section 189 of the Lien Law, *1033 and the relief sought is the determination of the validity and the amount of the hospital lien asserted by North Shore Hospital against the proceeds of the personal injury action brought by Sarah McConico. Attached to the moving papers is an affidavit of service thereof by ordinary mail on all of the interested parties, the copies for Sarah McConico and her counsel being mailed to them at their respective addresses in Brooklyn, New York, and the copy for Public Service Mutual Insurance Company being mailed to it at its address in New York City.
The instant motion is opposed on two grounds: Counsel for Sarah McConico argues first that the court does not have jurisdiction of this application and, second, that there is a bona fide dispute as to the amount of the hospital charges, requiring an immediate hearing.
The court is of the view that it does not have jurisdiction of this application and, accordingly, this proceeding is dismissed without prejudice.
Subdivision 6-a of section 189 of the Lien Law provides that an application to determine the validity of a hospital lien and to fix the amount thereof shall be made ‘ ‘ to any court which would have jurisdiction of an action based upon contract for a sum equal to the amount set forth in the notice of lien filed in the office of the county clerk Counsel for the hospital urges, in support of the motion, that by reason of this broad language this court is the proper court for the making of this application, that the proceeding is in rem, the res being the lien which has a situs in this county, and therefore, that the notice by ordinary mail to interested parties outside of this county, where the process of this court does not run, is sufficient to give this court jurisdiction. Counsel for Sarah McConico urges in opposition that notice by ordinary mail to parties outside of Nassau County does not vest jurisdiction in this court to make binding determinations adversely affecting such parties.
Substantial rights are determined in a proceeding under subdivision 6-a of section 189. While such a proceeding does not and cannot result in enforcement of the lien, determination of the validity of the lien and fixing the amount thereof necessarily imposes limits on any right to enforce under subdivision 10 of section 189. The proceeding under subdivision 6-a, therefore, since it involves substance, requires jurisdiction over all the interested parties to be effectual.
Subdivision 6-a requires that “notice of the application” be “served” on certain interested persons with the proviso that if a damage action has been begun service on any party *1034 thereto may be made upon his or its attorney of record. The mailing of copies of the moving papers by ordinary mail to all of the interested parties specified in subdivision 6-a does not, in the opinion of the court, give the court jurisdiction of this application, whether this proceeding be in rem or in personam.
The ‘ ‘ application ’ ’ provided for in subdivision 6-a of section 189 is a “ special proceeding.” (See Civ. Prac. Act, §§ 4, 5; General Construction Law, § 46-a.) See, also, Matter of Meyer v. New York Hosp. (7 A D 2d 60, 63 [1st Dept., 1958]), in which the Appellate Division specifically refers to an application under subdivision 6-a as a special proceeding. Petitioner in the instant case has merely made a motion. A special proceeding, like a motion, is an application for an order. The difference between them, however, is that a special proceeding is the independent prosecution of a remedy in which jurisdiction must be obtained by original process. A motion, on the other hand, is an application for an order in a proceeding already pending in the same court in which the motion is made, and jurisdiction over the motion is dependent on whether or not jurisdiction has been obtained in the main proceeding. (See 1 Carmody-Wait, New York Practice, p. 617; Matter of Callahan, 262 App. Div, 398, 399 [3d Dept., 1941], motion dismissed 287 N. Y. 743; see, also, Lyons Falls Farmers’ Cooperative Assn. v. Moore, 158 N. Y. S. 2d 1013.)
With respect to the instant motion, there is no action or proceeding presently pending in this court or in any other court in Nassau County. Thus, a notice of motion may not be made, there being no action or proceeding in this court to furnish the jurisdictional basis for this motion. Rather, petitioner must institute a special proceeding, and in such special proceeding petitioner must obtain jurisdiction over all of the necessary parties specified in subdivision 6-a by original process. The notice required under subdivision 6-a in the instant case, in the opinion of this court, is original process. The provisions of the statutes and rules relating to the mode of personal service of a summons, which is the method of commencement of an action, are made applicable to special proceedings by rule 21 of the Rules of Civil Practice, unless other special provision for the service thereof is made by law or rule. The court knows of no special provision for service of process in a proceeding under subdivision 6-a, except for the special rule noted above permitting service upon attorneys where a negligence action is pending. Whether this rule is applicable only when the negligence action is pending in the same court in which the application is made is not before this court because, in any *1035 event, Public Service Mutual Insurance Company is a necessary party to this action and it was not a party to the negligence action. Service by ordinary mail to the necessary parties does not comply with the requirements for acquisition by this court of jurisdiction, either as to those parties who reside within Nassau County or those who reside without it, regardless of whether this proceeding be deemed in rem or in personam.
At the present time the court expresses no view as to whether the special proceeding under subdivision 6-a may be commenced by an order to show cause, specifying the method of service thereof. An order to show cause can, of course, serve as original process. (See 1 Carmody-Wait, New York Practice, p. 644; Stuart v. Stuart, 195 Misc. 928; Civ. Prac. Act, §§ 1155, 1170; Matter of Claffy v. Board of Supervisors of Lewis County, 193 Misc. 449.) See, also, Wellons v. City of New York (141 N. Y. S. 2d 624), in which the proceeding under subdivision 6-a was brought on by an order to show cause which specified the method of sfervice, and this method of commencing the proceeding was not raised as an issue. The papers in the Wellons case furnished the basis for forms 1473 and 1473A of Bender’s Forms for the Consolidated Laws of New York (vol. 3-A, p. 484 et seq.).
The instant motion is denied on the grounds that the court does not have jurisdiction over the necessary parties. There is therefore no need to consider whether a hearing should be held on the validity or amount of the hospital lien, the second question raised on this motion.