Jerome M. Lasky, J.
On or about June 28, 1961, the three infant children of petitioner were passengers in a motor vehicle which was involved in an accident with a vehicle owned and operated by Amato Figueroa. The petitioner retained an attorney to prosecute claims of her infant children arising out of this accident, but before the claims of said infants were resolved and before any action to enforce such claims was commenced, said attorney was disbarred. The present attorney for the petitioner was substituted pursuant to the decision of Mi*. Justice Suozzi of the Supreme Court, Nassau County, said decision providing that the determination of the fees to which the disbarred attorney would be entitled in respect to these claims “ should be made in a separate plenary action to be commenced after plaintiff’s present claim has been concluded by suit or settlement.” The present attorney for petitioner reached agreement with the representatives of Amato Figueroa for the settlement of these claims and, on November 1, 1963, a Judge of this court, in a proceeding under section 1207 of the Civil Practice Law and Bules, “ ordered ” that the mother of the infants, the petitioner, “may settle and compromise her claim” against Amato Figueroa on behalf of each of the infants pursuant to certain terms therein specified. There was no appearance by or on behalf of Amato Figueroa or his insurance carrier in respect *248 of the compromise proceeding, and no waiver or consent by or on behalf of Amato Figueroa or his insurance carrier was filed therein. The only notice given to Amato Figueroa or to his insurance carrier is set forth in the affidavit of petitioner’s attorney in the compromise proceeding in which it is stated, “ Notice of intention to compromise was mailed on October 30, 1963 to representatives of Amato Figueroa.”
Amato Figueroa’s insurance carrier has refused to pay out the proceeds of the settlement of petitioner’s claims in accordance with the “ order ” dated November 1,1963, urging that the original attorney, who was disbarred, has a lien on the settlement proceeds, and that compliance with such ‘ ‘ order ’ ’ might leave the insurance company still liable to the original attorney for his fees. ’The petitioner brought on the instant motion by an order to show cause why the insurance company, “ as representatives of Amato Figueroa should not release any settlement funds now in their possession ” to petitioner’s attorney.
In view of Judge Sttozzi’s decision that the rights of the disbarred attorney to fees should be determined in a separate plenary suit to be commenced after settlement, the court is unable to find any jurisdiction for the position of the insurance company that they may be subjected to double liability if they comply with the ‘ ‘ order ’ ’ dated November 1,1963. On the other hand, however, the question still remains as to whether this court may grant the relief requested. This court does not have equity jurisdiction to grant a mandatory injunction directing the insurance company to comply with the “order” dated November 1,1963 (see Uniform Dist. Ct. Act, art. 2) and, in any event, said “ order ” merely authorizes the petitioner to settle her claim, and does not provide that the claim is in fact settled. Accordingly, petitioner’s motion is denied.
Under section 1207 of the Civil Practice Law and Rules, where no action has been commenced to prosecute an infant’s claim authorization to compromise such claim requires a special proceeding, which results in a judgment enforcible by execution. Only where there is a pending action can such settlement be effected by a motion which results in an order which is given the effect of a judgment by section 1207 of the Civil Practice Law and Rules and may therefore also be enforced by execution. The problem is, can petitioner in the instant case accomplish the relief sought by the instant order to show cause by levying execution to enforce the “ order ” dated November 1 1963.
In the instant case, no action having been commenced on behalf of the infants, a special proceeding was required to *249 effectuate the compromise and the so-called “ order ” is in fact a judgment. Unlike a motion, a special proceeding requires original process to he served on all of the necessary parties. (See North Shore Hosp. v. McConico, 39 Misc 2d 1032, and eases cited therein.) The court finds, however, that the special proceeding in the instant case was defective in that jurisdiction over a necessary party, to wit, Amato Figueroa or his representatives, required to render the judgment effective, was not obtained. The mailing to the ‘‘ representatives ’ ’ of Amato Figueroa by ordinary mail on October 30, 1963, of a notice of intention to compromise is not sufficient to give the court jurisdiction to render a judgment in such special proceeding binding on Amato Figueroa or his representatives. Indeed, even if action had been commenced so that the compromise could have been effectuated by motion rather than a special proceeding (i.e., so that original process was not required) the court would be of the view that the notice given in the instant case would be insufficient even for such purpose, less than eight days’ notice having been given. In addition, there is the problem that the “ order” does not provide that the claims are in fact settled, but merely authorizes their settlement. It would seem impossible for execution to be issued on such an order or judgment.
For all of the foregoing reasons, therefore, the petitioner’s motion is denied, and no execution may be issued under the “ order ” dated November 1, 1963.