(182 P.3d 1269)
No. 97,752

DARREN R. HICKSON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed May 16, 2008.

*Michael P. Whalen,* of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Kristi L. Barton,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Paul J. Morrison,* attorney general, for appellee.

Before HILL, P.J., GREEN and STANDRIDGE, JJ.

HILL, J.: Darren R. Hickson appeals an order in his criminal case denying him extra time to file a collateral attack against his conviction. In Kansas, a prisoner in custody, like Hickson, under

sentence of a court of general jurisdiction, claiming the right to be released, must file a new civil action, commonly called a K.S.A. 60-1507 motion, to make such an attack. A defendant must bring this action within 1 year of the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction. Because Hickson has not filed a civil case, and the district court had no jurisdiction to grant an extension of time to file a civil action in the criminal case, we dismiss this appeal.

*Case history shows criminal case was finished.*

Hickson was convicted in Sedgwick County District Court case 02CR2238 of rape and aggravated burglary in May 2003. This court affirmed Hickson's convictions in his direct appeal. *State v. Hickson*, No. 91,071, unpublished opinion filed January 14, 2005, *rev. denied* 279 Kan. 1008. The Supreme Court denied his petition for review on May 3, 2005.

Then on January 30, 2006, Hickson filed a motion in his criminal case, 02CR2238, asking for an extension of time until February 18, 2006, to get a transcript and "prepare petitioner 60-1507." On the same date, Hickson filed a "Request for Transcript" of a January 14, 2006, hearing. The district court granted the motion for extension, stating that "Defendant is granted a 30 day extension from 2-1-06 until 3-3-06 to file his 60-1507 petition."

After that, on March 30, 2006, Hickson sent the judge a letter stating that he had still not received his requested transcripts, even though the court "sustained my motions." Hickson also stated in the letter that an "actual motion for extension" accompanied it, because "I erred on the date on my previous motion my year is up May 3, 06 so please extend it to June 3, 06." Therefore, on April 13, 2006, Hickson filed a second motion for extension of time in case 02CR2238. This motion is almost identical with the first, except the requested date is changed from February 18 to June 3, 2006.

Next, the district court clarified its February 1, 2006, order by stating that Hickson's request for an extension to file his K.S.A. 60-1507 motion had been granted, but his request for transcripts was

denied. A few days later, the court denied Hickson's second motion for extension of time, stating, "Defendant has already been granted one extension to file his 60-1507 petition and has shown no grounds to justify a second extension."

In response Hickson filed a notice of appeal in case 02CR2238 on May 4, 2006, appealing the order denying his motion for transcripts and extension of time to file a K.S.A. 60-1507 motion.

*Kansas rules require a K.S.A. 60-1507 motion to be filed.*

We note first that Hickson has not filed a K.S.A. 60-1507 motion. An action under K.S.A. 60-1507 is civil in nature and is governed by the rules of civil procedure. See *Smith v. State*, 22 Kan. App. 2d 922, 923, 924 P.2d 662 (1996). To begin this action, a prisoner must file a pleading. The statute, K.S.A. 60-1507, says a prisoner under sentence may "move the court which imposed the sentence to vacate, set aside or correct the sentence." (This distinguishes the action from a petition filed under K.S.A. 60-1501, the general habeas corpus cause of action.) It is a pleading that begins a new, independent civil action. See K.S.A. 60-1507(a); Rule 183 (2007 Kan Ct. R. Annot. 243); *Ludlow v. State*, 37 Kan. App. 2d 676, 683, 157 P.3d 631 (2007). Specifically, Rule 183(a) states: "A motion challenging the validity of a sentence is an independent civil action which should be separately docketed, and the procedure before the trial court . . . is governed by the Rules of Civil Procedure." Rule 183(a) (2007 Kan Ct. R. Annot. 243).

The most fundamental rule of civil procedure states: "A civil action is commenced at the time of: . . . [f]iling a petition with the clerk of the court." See K.S.A. 60-203. There is no such filing in this case. Further, we know of no rule of law in Kansas that allows a judge to rule on a civil motion in an ended criminal case. Motions are available only within an existing action and are confined to incidental matters in the progress of the cause. "[A] motion relates to some question collateral to the main object of the action and is connected with, and dependent on, the principal remedy." 60 C.J.S., Motions and Orders § 7.

Hickson's criminal case was finished. We hold the district court had no jurisdiction to rule on the motion to extend time in that

case. Such relief can only be granted to a motion made in a civil proceeding filed according to K.S.A. 60-1507.

*We cannot decide if an untimely K.S.A. 60-1507 motion should be allowed to prevent manifest injustice.*

The Supreme Court denied Hickson's petition for review on May 3, 2005. Thus, Hickson had until May 3, 2006, to file a K.S.A. 60-1507 motion. See *Tolen v. State*, 285 Kan. 672, 176 P.3d 170 (2008) (K.S.A. 60-1507 movant's direct appeal became final when petition for review was denied). Hickson's letter to the district court reflects that he recognized his first error in calculating the time limit, making his first motion for extension irrelevant. Thus, in his second motion he sought an extension of time from May 3 until June 3, 2006.

A court may extend the time limit only to prevent a manifest injustice. K.S.A. 60-1507(f)(2). The only reason given by Hickson for extending the time here is that "an additional 30 days is needed for a pursuit of petitioner transcript." But Hickson admits on appeal that the statute and case law require him to first file a K.S.A. 60-1507 motion before the district court can decide whether to supply him with a transcript. See K.S.A. 22-4506; *State v. McKinney*, 10 Kan. App. 2d 459, 460, 701 P.2d 701 (1985). Hickson's motion for more time to file a K.S.A. 60-1507 action so he could pursue a course of action that would be unsuccessful *until he filed a K.S.A. 60-1507 motion* is illogical and falls short of showing manifest injustice.

Hickson argues in this appeal that he was "forestalled" from timely filing his petition because of the district court's ruling. We fail to see how this is so. He cites no law supporting this argument. Hickson's letter shows that he recognized his deadline was May 3, 2006. The district court's April 27, 2006, ruling on his second motion for extension *did not state* that Hickson was *already* out of time. There is no sign in the record that Hickson tried to file a K.S.A. 60-1507 motion before the May 3, 2006, deadline but was restricted from doing so by the district court. We find nothing in the record that shows anyone stopped Hickson from filing a K.S.A. 60-1507 motion.

Also, we recognize the district court has not had an opportunity to decide if a K.S.A. 60-1507 motion should be filed here to avoid manifest injustice. If this court were to make such a ruling, it would be advisory in nature since there is no civil action pending. This appeal was brought in the criminal case. We do not grant advisory opinions.

Finally, we note that Hickson, in his notice of appeal, said that he is also appealing the denial of his request for transcripts. Since he offers no argument about this issue, we believe it is abandoned. See *Lee Builders, Inc. v. Farm Bureau Mut. Ins. Co.*, 281 Kan. 844, 859, 137 P.3d 486 (2006).

Appeal dismissed.