767 N.W.2d 143 (2009)
17 Neb. App. 611
STATE of Nebraska, appellee,
v.
Steven R. BLAIR, appellant.
No. A-08-587.
Court of Appeals of Nebraska.
May 19, 2009.
*144 Steven R. Blair, pro se.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
IRWIN, CARLSON, and MOORE, Judges.
CARLSON, Judge.

INTRODUCTION
Steven R. Blair appeals from an order of the district court for Douglas County denying his motions to expunge certain information from the public record and to return his bond money. For the reasons set forth below, we affirm.

BACKGROUND
In 1998, Blair was convicted of kidnapping, use of a deadly weapon to commit a felony, and terroristic threats. In 2003, Blair moved for postconviction relief. The district court granted the motion, setting aside Blair's convictions and sentences and ordering a new trial. The State appealed to this court.
Before the State's appeal was heard, Blair filed another motiona motion for status of the case on jurisdiction. In that motion, Blair requested that the district court release him on bond and appoint counsel for the appeal. While the motion was under advisement in the district court, we ordered the district court to rule on Blair's request for counsel. The district court granted Blair's request for counsel but denied the remainder of Blair's motion because it lacked jurisdiction.
Shortly thereafter, we dismissed the State's appeal and concluded that the court *145 lacked jurisdiction due to Blair's motion to alter or amend the judgment. See State v. Blair, 14 Neb.App. 190, 707 N.W.2d 8 (2005). After the State's appeal was dismissed, a new trial date was set. Before trial, the county attorney moved to dismiss the case and the district court entered an order of dismissal.
After the case was dismissed, Blair filed separate motions for expungement and return of his bond money. In his motion for expungement, Blair asked the court for an order expunging from all official records, other than those nonpublic records retained by the Omaha police, his arrest, indictment, information, trial, and dismissal. In his motion for the return of his bond money, Blair moved for an order requiring the county court to return his full bond and asked that a 10-percent administrative fee be waived.
A hearing was held on May 6, 2008. In an order filed May 14, the district court denied both motions. Blair appeals.

ASSIGNMENT OF ERROR
Blair argues that the district court erred in determining that it was without authority to rule on his motions for expungement of the public record and a return of his bond money.

ANALYSIS

Return of Bond Money.
Regarding the bond money, Blair claims that the district court had discretion to remit the full amount of his bond. Blair claims he is entitled to a return of a 10-percent administrative fee, because he did not breach any conditions of release. The transcript shows that in February 2006, the trial court set Blair's bond at $75,000 and ordered Blair to pay 10 percent. At the hearing, Blair's counsel stated that Blair received 90 percent of his bond when his case was dismissed, but that a 10percent administrative fee was withheld. Blair's counsel argued that Blair was requesting that the administrative fee be waived on the bases that his case was dismissed and his previous convictions were overturned.
The State argues that Blair is not entitled to recovery, because he failed to present any evidence supporting his motion for the return of his bond money. Specifically, the State contends that Blair's counsel's comments at the hearing are not evidence and that there is no evidence which shows that Blair put up his bond or that the entire bond was not returned to Blair. We agree.
The unsupported assertions of attorneys during court proceedings do not establish the facts asserted unless the other appropriate parties stipulate to such facts. Schroeder v. Barnes, 5 Neb.App. 811, 565 N.W.2d 749 (1997). We find that because the State failed to stipulate that Blair posted his bond and that it had not been returned and because Blair failed to present such evidence, the trial court did not err in overruling Blair's motion to return his bond.

Expungement of Blair's Record.
As for the expungement issue, Blair claims he should have his record expunged because he falls within Neb.Rev. Stat. § 29-3523(2)(c) (Reissue 2008), which states:
In the case of an arrest for which charges are filed, but dismissed by the court on motion of the prosecuting attorney or as a result of a hearing not the subject of a pending appeal, the arrest shall not be part of the public record after three years from the date of arrest.
*146 The State claims that this court is unable to address Blair's argument because Blair attempted to invoke a procedure to expunge his record which is not authorized by § 29-3523(2)(c). The State notes that § 29-3523(2)(c) appears to apply automatically and does not authorize a person to file a petition to expunge. We disagree. The language of § 29-3523(2)(c) appears to be self-executingspecifically, if the conditions fit, a notation of dismissal shall be made on the defendant's record. And therefore, even though Blair did not need to file a petition to expunge, the fact that he did so does not mean that Blair's claim cannot be addressed. Therefore, the trial court erred in finding that it was without authority to grant Blair's motion to expunge.
Although this is true, we conclude, after reviewing the record, that the trial court reached the correct conclusion for the wrong reasons. At the hearing on Blair's motion, Blair's attorney asked the court to issue an order for the Omaha Police Department to erase Blair's charges from his criminal record. Blair did not present evidence showing that the charges were still on his record and that expungement was required.
Given this lack of evidence, we cannot say that the trial court erred in denying Blair's motion to expunge the record. Where the record adequately demonstrates that the decision of a trial court is correctalthough such correctness is based on a ground or reason different from that assigned by the trial courtan appellate court will affirm. State v. Draganescu, 276 Neb. 448, 755 N.W.2d 57 (2008).

CONCLUSION
After reviewing the record, we conclude that the district court did not err in denying Blair's motions for expungement of the public record and return of his bond money, given that Blair failed to present sufficient evidence to support his claims. Therefore, the district court's order is affirmed in its entirety.
AFFIRMED.