NOT DESIGNATED FOR PUBLICATION

No. 117,354

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VIRGIL SYLVESTER BRADFORD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed December 8, 2017. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Jon S. Simpson*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and MERLIN G. WHEELER, District Judge, assigned.

PER CURIAM: Now serving a 40-year sentence for capital murder, to be followed by a 238-month term for aggravated robbery, aggravated burglary, and two counts of felony theft, Virgil Sylvester Bradford demands an evidentiary hearing on his habeas corpus motion filed 15 years after his trial and convictions. Because his claims are barred by the applicable statute of limitations—K.S.A. 2016 Supp. 60-1507(f)(1)—we hold the district court properly denied his motion.

1

Bradford filed his pro se K.S.A. 60-1507 motion that is the subject of this appeal in October 2015. He made two claims. First, his convictions for aggravated burglary, aggravated robbery, and theft are multiplicitous with his conviction for capital murder and violate the Double Jeopardy Clause. He argued that "by proving the 3rd element of capital murder ('that the victims were killed as part of the same act or transaction or constituting parts of a common scheme or course of conduct'), the State necessarily had to prove the elements of Aggravated Burglary, Aggravated Robbery and Theft." Second, his hard 40 sentence imposed by only the judge violates the Equal Protection Clause because a jury did not determine the existence of any aggravating circumstances.

The court, at a nonevidentiary hearing, denied Bradford's motion, finding it was time-barred by K.S.A. 60-1507(f)(1). The court even assumed all of Bradford's reasons for failing to timely file his motion were true, but found none of them adequately explained the delay. The court concluded that he failed to establish manifest injustice in order to excuse the delay and permit a late filing of his motion.

On appeal, Bradford contends that he is entitled to an evidentiary hearing on his two claims.

*We state our standard of review.*

When the district court summarily denies a K.S.A. 60-1507 motion, the appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either:  (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or is otherwise open to

2

collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. K.S.A. 2016 Supp. 60-1507(b); Supreme Court Rule 183(g) (2017 Kan. S. Ct. R. 222).

We need not reach the merits of Bradford's claims because the district court correctly determined his claims are time-barred.

*Why Bradford's motion is time-barred.*

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). See K.S.A. 2016 Supp. 60-1507(f)(1). Specifically, the motion must be filed within one year of the later of:

> "(A) the date the mandate is issued by the last appellate court in this state which exercises jurisdiction on a movant's direct appeal or the termination of the appellate court's jurisdiction; or
> "(B) the date the United States Supreme Court denies a petition for the writ of certiorari from the movant's direct appeal or issues its final order after granting the petition." Supreme Court Rule 183(c)(4) (2017 Kan. S. Ct. R. 223).

Individuals who had claims preexisting the 2003 statutory amendment, which instituted the one-year time limitation for bringing an action, had until June 30, 2004, to file a K.S.A. 60-1507 motion. *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008).

Bradford's conviction became final on October 14, 2003, when the United States Supreme Court denied his petition for writ of certiorari. See *Bradford v. Kansas*, 540 U.S. 958, 124 S. Ct. 415, 157 L. Ed. 2d 297 (2003). Bradford had until October 13, 2004, to file his motion. However, his motion was not filed until October 8, 2015—11 years later.

3

This one-year time limit may be extended by the district court only to prevent a manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2). The court's inquiry into whether manifest injustice would result shall be limited to "determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2016 Supp. 60-1507(f)(2)(A); see *Perry v. State*, No. 115,073, 2017 WL 462659 (Kan. App. 2017) (unpublished opinion). In *Perry*, our court held that the 2016 amendment adding paragraph (2)(A) to K.S.A. 60-1507(f) applies retroactively to a pending motion. 2017 WL 462659, at *3. If the court determines the time limitation was exceeded and that dismissal of the motion would not be a manifest injustice, then the district court must dismiss the motion as untimely filed. K.S.A. 2016 Supp. 60-1507(f)(3).

Bradford makes no claim of actual innocence. Therefore, our inquiry is limited to determining why he failed to file his motion within the one-year time limit.

In his K.S.A. 60-1507 motion, Bradford alleged six circumstances that prevented him from meeting the one-year deadline. Because the district court did not hear evidence, it presumed that the events Bradford alleged were true. His six contentions are not persuasive.

- Bradford argued that from 2000 to 2004, he tried to obtain records "pertaining to his attorneys [*sic*] proposed voluntary intoxication jury instructions." He needed these records "to show that the court & his attorney were well aware and acquiesced to the fact that Robbery, Burglary and theft x2 were lesser included offenses of Capital Murder." He alleged the court records clerk told him these records did not exist. He claimed this misinformation prevented him from raising his multiplicity claim before June 30, 2004. In his motion, Bradford argued jury instruction No. 11 showed that the district court recognized aggravated burglary, aggravated robbery, and theft were lesser

4

included offenses of capital murder. He argued his attorney requested a voluntary intoxication instruction for the lesser included offenses of aggravated burglary, aggravated robbery, and theft. And he argued that the Kansas Supreme Court acknowledged that the stated crimes were lesser included offenses. Bradford points to no proposed jury instructions in the record on appeal. Presuming that Bradford's allegations are true, jury instruction No. 11, his counsel's arguments at the instruction conference, and the Kansas Supreme Court opinion do not show acquiescence by the court or by Bradford's attorney that those offenses were lesser included offenses of capital murder. Moreover, his failure to obtain these records did not prevent him from raising a similar claim in his federal habeas petition in December 2003. See *Clemons v. State*, 39 Kan. App. 2d 561, 564-65, 182 P.3d 730 (2008). Also, he offers no explanation why he did not file his motion between June 30, 2004, and October 13, 2004. And, our court has explained that Kansas law requires a movant to first file a K.S.A. 60-1507 motion before the district court decides whether to supply records. Thus, claiming a need "for more time to file a K.S.A. 60-1507" motion to obtain records from the district court "is illogical and falls short of showing manifest injustice." *Hickson v. State*, 39 Kan. App. 2d 678, 681, 182 P.3d 1269 (2008).

- Bradford contended that his multiplicity argument is an issue of first impression in Kansas. If true, this does not excuse Bradford's failure to file his motion within the time limit.

- Bradford argued his attorney did not preserve the issue of multiplicity to alert him to a violation. However, Bradford knew at trial that his attorney did not raise the issue of multiplicity. And Bradford was aware of the issue if he attempted to obtain records from 2000-2004.

5

- Bradford argued his appellate counsel and postconviction counsel warned him that succeeding on his Equal Protection challenge would subject him to resentencing under the new hard 40 statute or to the death penalty, and his codefendant would testify against him. Assuming this is true, the advice did not stop Bradford from challenging his hard 40 sentence repeatedly. He challenged his hard 40 sentence on direct appeal, on his second appeal, in his habeas petition to the 10th Circuit, and in a motion to correct an illegal sentence.

- Bradford argued his legal materials were stolen from him on July 26, 2005. Assuming this is true, it was nine months after the deadline to file his motion by October 13, 2004.

- Bradford argued he could not raise his Equal Protection claim until *Alleyne* was decided in 2013. See *Alleyne v. United States*, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). *Alleyne* was decided on June 17, 2013. Our Supreme Court adopted *Alleyne* on April 11, 2014, in *State v. Soto*, 299 Kan. 102, 123-24, 322 P.3d 334 (2014). As the district court stated, "Even if this Court gives Mr. Bradford the benefit of the doubt and starts the time clock on April 11, 2014 when our Supreme Court issued *Soto*, Mr. Bradford filed his present motion nearly six months in excess of the one year time limitation set forth in K.S.A. 60-1507(f)(1)." Moreover, our Supreme Court has held that *Alleyne* cannot be retroactively applied to invalidate a sentence that was final when *Alleyne* was filed. *Alleyne* therefore cannot demonstrate the manifest injustice necessary to permit an untimely K.S.A. 60-1507 motion. *Kirtdoll v. State*, 306 Kan. 335, Syl. ¶¶ 1, 2, 393 P.3d 1053 (2017).

6

Thus, we can see that none of Bradford's reasons explain his failure to meet the one-year deadline. Bradford's other arguments—that he is not trained in the law, he did not have unlimited access to a law library, and that the trial court did not hear evidence—are unavailing. Bradford was not entitled to an attorney or an evidentiary hearing because the motion, files, and records of the case conclusively showed that he was not entitled to relief. See K.S.A. 2016 Supp. 60-1507(b); Supreme Court Rule 183(i) (2017 Kan. S. Ct. R. 222). Bradford exceeded the time limitation for filing his motion. He has not convinced us that the denial of his motion resulted in manifest injustice. We need not consider the parties' other arguments or the district court's other reasons for the denial of Bradford's motion. The district court was required to deny Bradford's motion as untimely filed according to K.S.A. 2016 Supp. 60-1507(f)(1)-(3).

Affirmed.