Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/18/2018 02:14 AM CDT

State of Nebraska, appellee, v.
Kaitlyn N. Coble, appellant.
___ N.W.2d ___

Filed March 23, 2018.    No. S-17-769.

1. **Judgments: Jurisdiction: Appeal and Error.** Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.

2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Courts: Final Orders: Appeal and Error.** Final orders and judgments issued by a county court may be appealed to district court.

4. **Courts: Final Orders: Jurisdiction: Appeal and Error.** A district court order affirming, reversing, or remanding an order or judgment of the county court is itself a final order that an appellate court has jurisdiction to review.

5. **Judgments.** An order affecting a substantial right that is issued upon a summary application in an action after judgment under Neb. Rev. Stat. § 25-1902 (Reissue 2016) is an order ruling on a postjudgment motion in an action.

6. **Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.

7. **Criminal Law: Judgments.** An order regarding the statutory right to remove criminal record history information from the public record pursuant to Neb. Rev. Stat. § 29-3523 (Reissue 2016) affects a substantial right for purposes of Neb. Rev. Stat. § 25-1902 (Reissue 2016).

8. **Jurisdiction: Appeal and Error.** Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

9. ____: ____. When an appellate court is without jurisdiction to act, the appeal must be dismissed. However, an appellate court has the power to

determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.

10. **Pleadings: Words and Phrases.** In a legal action, the function of a motion is not to initiate new litigation, but to bring before the court for ruling some material but incidental matter arising in the progress of the case in which the motion is filed.

11. **Jurisdiction.** Jurisdiction over a motion is dependent upon the court's having jurisdiction over the case in which the motion is filed.

12. ____. A court has jurisdiction to issue orders on motions pertaining to incidental matters within the scope of the action over which the court has jurisdiction.

13. **Actions: Jurisdiction.** A court lacks subject matter jurisdiction to hear motions that seek an order granting relief beyond the scope of the action at hand unless the motion is authorized by statute. A litigant must file a new action when seeking such relief.

14. **Actions: Words and Phrases.** An action is a distinct and separate court proceeding, governed by separate pleadings and requiring a separate process.

15. **Courts: Appeal and Error.** A higher court is not bound by a precedent of an inferior court under the doctrine of stare decisis.

16. ____: ____. The doctrine of stare decisis does not require a court to blindly perpetuate its prior interpretation of the law if it concludes the prior interpretation was clearly incorrect.

17. **Statutes: Judicial Construction: Legislature: Presumptions: Intent.** Where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent.

18. **Statutes: Judicial Construction: Legislature: Intent.** The doctrine of legislative acquiescence applies only when there is a statutory provision to interpret.

19. ____: ____: ____: ____. A court's holding is not protected by the doctrine of legislative acquiescence, if it does not purport to interpret the statutory text.

Appeal from the District Court for Lancaster County, John A. Colborn, Judge, on appeal thereto from the County Court for Lancaster County, Matthew L. Acton, Judge. Vacated and dismissed.

Jennifer Gaughan and Marian G. Heaney, of Legal Aid of Nebraska, for appellant.

Marcee A. Brownlee, Assistant Lincoln City Attorney, for appellee.

Christopher L. Eickholt, of Eickholt Law, L.L.C., and Amy A. Miller, of American Civil Liberties Union Foundation of Nebraska, for amicus curiae American Civil Liberties Union of Nebraska.

Ryan P. Sullivan, for amicus curiae University of Nebraska Civil Clinical Law Program.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ.

FUNKE, J.

## I. INTRODUCTION

Kaitlyn N. Coble filed a motion to seal the record of her citation for two misdemeanors which were subsequently dismissed. The county court overruled Coble's motion, and the district court affirmed. We conclude that Coble's motion was not authorized by statute and that thus, the county court lacked jurisdiction to consider the motion. As a result, the district court and this court lack jurisdiction to review the merits of the county court's order. We do not reach the merits of whether Coble would be entitled to have her record sealed were she to use a proper procedure. We vacate the county court and district court orders and dismiss this appeal.

## II. BACKGROUND

In 2013, Coble, who was 18 years of age at the time, was issued a uniform complaint and citation for two misdemeanors. After completing a diversion program, the charges were dismissed on the city attorney's motion.

In 2017, Coble filed a motion in the county court for Lancaster County, under the same case number as her criminal case, captioned as "Motion to Seal Records." It requested that the court issue an "[o]rder making all the records

associated with this case 'non-public' pursuant to Neb. Rev. Stat. § 29-3523." The county court issued an order overruling Coble's motion.

In doing so, the county court concluded that the procedure utilized by Coble (filing a motion to seal in the criminal case), in spite of having no basis in Neb. Rev. Stat. § 29-3523 (Reissue 2016), was authorized by the Nebraska Court of Appeals' opinion in *State v. Blair*.[1]

The court then concluded that Coble was seeking retroactive application of a recent statutory amendment to § 29-3523, but the court refused to apply it retroactively because it deemed the amendment to be a substantive change. The court then determined that under the version of the statute in effect at the time of the dismissal of Coble's charges, the statute applied only to a "notation of arrest,"[2] not to records of citations. Thus, the court concluded that Coble was not entitled to the relief she sought.

Coble appealed to the district court, which generally agreed with the county court's analysis and affirmed.

## III. ASSIGNMENTS OF ERROR

Coble's two assignments of error, restated and summarized, claim that the district court erred by affirming the county court's order overruling her motion to seal.

## IV. STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.[3]

---

[1] *State v. Blair*, 17 Neb. App. 611, 767 N.W.2d 143 (2009).

[2] See § 29-3523 (Reissue 2008).

[3] *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017).

## V. ANALYSIS

### 1. Jurisdiction: Final Order

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4]

The State argues that this court lacks appellate jurisdiction because the county court's order was not a final, appealable order. While the county court's order was a final order, we conclude that the county court lacked subject matter jurisdiction to enter the order. Thus, we lack jurisdiction to review the merits of the county court's order.

[3,4] Final orders and judgments issued by a county court may be appealed to district court.[5] A district court order affirming, reversing, or remanding an order or judgment of the county court is itself a final order that an appellate court has jurisdiction to review.[6]

Neb. Rev. Stat. § 25-1902 (Reissue 2016) defines three categories of final orders:

> An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter.[7]

[5] An order "affecting a substantial right" that is issued "upon a summary application in an action after judgment" under § 25-1902 is "an order ruling on a postjudgment motion in an action."[8]

---

[4] *Id.*

[5] Neb. Rev. Stat. § 25-2728 (Reissue 2016). See, also, *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

[6] *Orr v. Knowles*, 215 Neb. 49, 337 N.W.2d 699 (1983). See, also, Neb. Rev. Stat. § 25-1911 (Reissue 2016).

[7] See, also, *Boyd v. Cook, supra* note 5.

[8] See *Heathman v. Kenney*, 263 Neb. 966, 969, 644 N.W.2d 558, 561 (2002).

Coble sought to seal the record of her citation by filing a motion in the case in which she had been charged. However, Coble's case had been dismissed years earlier, after she completed a diversion program. Because the case had already been dismissed, the county court's order overruling Coble's motion was an order ruling on a postjudgment motion.[9]

[6,7] And the order affects a substantial right. A substantial right is an essential legal right, not a mere technical right.[10] The right invoked by Coble was the statutory right to remove the record of her citation from the public record, no mere technical right. Thus, the county court's order on Coble's motion was a final order, because it affected a substantial right and was issued upon a summary application in an action after judgment.

## 2. L.B. 505

Before addressing the dispositive jurisdictional issue in this case, we review the recent amendments to § 29-3523 in 2016 Neb. Laws, L.B. 505. Section 29-3523 generally protects certain criminal history record information and prohibits, subject to exceptions, the dissemination of this information.

In 2016, the Legislature enacted significant amendments to § 29-3523 in L.B. 505. The stated purpose of the enactment was to "strengthen the privacy provisions of Neb. Rev. Stat. §29-3523" in order to "protect[] legally innocent Nebraskans from the stigma of a permanent public criminal record."[11]

While the previous version of the statute applied only to a "notation of arrest,"[12] L.B. 505 amended the statute to provide that "in the case of an arrest, citation in lieu of arrest, or referral for prosecution without citation, all criminal history record information relating to the case shall be removed from

---

[9] See *id*.

[10] *In re Interest of LeVanta S.*, 295 Neb. 151, 887 N.W.2d 502 (2016).

[11] Introducer's Statement of Intent, L.B. 505, 104th Leg., 1st Sess. (Feb. 5, 2015).

[12] § 29-3523 (Reissue 2008).

the public record" as specified by the statute under certain circumstances, such as a dismissal or acquittal of the criminal charges.[13]

L.B. 505 also provides that when criminal charges are filed, but are then dismissed or the defendant is acquitted, the court must then "[o]rder that all records, including any information or other data concerning any proceedings relating to the case . . ."[14] be sealed and provide notice of the order to relevant criminal justice agencies.[15]

### 3. JURISDICTION: SUBJECT MATTER JURISDICTION

In this case, we need not reach the merits of whether Coble is entitled to have the record of her case sealed, because we conclude that the county court lacked subject matter jurisdiction to reach that question. Coble's motion to seal sought relief that went beyond the scope of the original criminal case in which it was filed, and the motion was not authorized by statute.

[8,9] Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.[16] When an appellate court is without jurisdiction to act, the appeal must be dismissed. However, an appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.[17]

---

[13] § 29-3523(3) (Reissue 2016).

[14] § 29-3523(4)(a).

[15] See Neb. Rev. Stat. § 29-3509 (Reissue 2016) (defining "[c]riminal justice agency").

[16] *Kozal v. Nebraska Liquor Control Comm., supra* note 3.

[17] *Id.*

Because the county court lacked jurisdiction over Coble's motion, the district court and this court lack jurisdiction to review the merits of the county court's order.

### (a) County Court Lacked
### Subject Matter Jurisdiction

The jurisdictional defect in this case is not, as the State argued, one of finality, but is one of subject matter jurisdiction. The problem stems from the fact that Coble sought relief by filing a motion in a case that had been dismissed years earlier—a procedure that has no basis in statute—rather than utilizing the procedure authorized by statute to enforce the rights created by § 29-3523 and surrounding sections.[18]

[10-13] In a legal action, the function of a motion is not to initiate new litigation, but to bring before the court for ruling some material but incidental matter arising in the progress of the case in which the motion is filed.[19] Jurisdiction over a motion is therefore dependent upon the court's having jurisdiction over the case in which the motion is filed.[20] A court has jurisdiction to issue orders on motions pertaining to incidental matters within the scope of the action over which the court has jurisdiction.[21] But it necessarily follows that a court lacks subject matter jurisdiction to hear motions that seek an order granting relief beyond the scope of the action at hand unless

---

[18] See Neb. Rev. Stat. § 29-3528 (Reissue 2016).

[19] See *State v. McNerny*, 239 Neb. 887, 479 N.W.2d 454 (1992). See, also, generally, *D.T. v. W.G.*, 210 So. 3d 1143 (Ala. Civ. App. 2016); *People v. Picklesimer*, 48 Cal. 4th 330, 226 P.3d 348, 106 Cal. Rptr. 3d 239 (2010); *Hickson v. State*, 39 Kan. App. 2d 678, 182 P.3d 1269 (2008).

[20] See, *id.*; *Mtr. of North Shore Hosp. v. McConico*, 39 Misc. 2d 1032, 242 N.Y.S.2d 402 (1963) (cited by this court in *State v. McNerny, supra* note 19).

[21] See, *Morrison v. Patterson*, 221 Iowa 883, 267 N.W. 704 (1936) (cited by this court in *State v. McNerny, supra* note 19); *Caperton v. Winston Co. Fair Ass'n*, 169 Miss. 503, 153 So. 801 (1934) (cited by this court in *State v. McNerny, supra* note 19).

the motion is authorized by statute.[22] A litigant must file a new action when seeking such relief.[23]

Of course, a motion that goes beyond those incidental matters contained within the scope of a case could be authorized by statute.[24] But in this case, § 29-3523 does not authorize the filing of a motion to make criminal history record information nonpublic. And the relief sought by a motion like Coble's is an order directed to criminal justice agencies to seal the criminal history record information. Such relief goes beyond the scope of the original criminal case over which the county court had jurisdiction. The county court thus lacked subject matter jurisdiction to issue an order on Coble's motion to seal.

Not only is there no statutory basis for enforcing the privacy protections of § 29-3523 by filing a motion, but the Security, Privacy, and Dissemination of Criminal History Information Act[25] (of which § 29-3523 is a part) provides a different procedure for its enforcement. Section 29-3528 provides that whenever a state agency or political subdivision, or officer or employee thereof, fails to comply with the requirements of various sections—including § 29-3523—"any person aggrieved may bring an action, including but not limited to an action for mandamus, to compel compliance and such action may be brought in the district court of any district in which the records involved are located or in the district court of Lancaster County."

[14] Importantly, § 29-3528 authorizes an aggrieved individual to "bring an action," not to file a motion in the criminal case the record of which he or she seeks to seal. An "action" is

---

[22] See *Caperton v. Winston Co. Fair Ass'n, supra* note 21.

[23] See, *id.*; *Mtr. of North Shore Hosp. v. McConico, supra* note 20.

[24] See, generally, *State v. McNerny, supra* note 19; *Mtr. of North Shore Hosp. v. McConico, supra* note 20; *Morrison v. Patterson, supra* note 21; *Caperton v. Winston Co. Fair Ass'n, supra* note 21.

[25] Neb. Rev. Stat. §§ 29-209, 29-210, 29-3501 to 29-3528, and 81-1423 (Reissue 2016).

a distinct and separate court proceeding, governed by separate pleadings and requiring a separate process.[26] Thus, the proper procedure for Coble to enforce her rights under § 29-3523 (assuming she could establish that her criminal history record information is still in the public record) would be to file a separate action in district court. But here, Coble did not file a new action in district court pursuant to § 29-3528, but, instead, filed a motion in county court in the case that had been earlier dismissed.

Because the relief sought by Coble's motion exceeded the scope of her criminal case and was not an incidental matter therein, and because there was no statutory basis for her motion, the county court lacked jurisdiction to issue an order on the motion.

### (b) *State v. Blair*

This conclusion runs headlong into the Court of Appeals' holding in *State v. Blair*,[27] the case on which Coble relies. Coble correctly argues that *Blair* endorsed the procedure she utilized in seeking to vindicate her rights under § 29-3523— filing a motion in the case which she sought to seal. But we conclude that *Blair* wrongly approved of this procedure, and we disapprove of it to the extent it is inconsistent with this opinion.

### (i) *Overview of Holding in* Blair

In *Blair*, the motion under review was labeled a "motion to expunge."[28] After the district court granted the defendant postconviction relief and ordered a new trial, the county attorney declined to retry him and dismissed the charges. The defendant subsequently filed his motion to expunge the record of his arrest and charges pursuant to § 29-3523. The district court overruled the motion, and Blair appealed.

---

[26] See *In re Interest of D.I.*, 281 Neb. 917, 799 N.W.2d 664 (2011).

[27] *State v. Blair, supra* note 1.

[28] *Id.*

The State argued that the defendant's appeal of the denial of his motion to expunge should not be addressed by the Court of Appeals, because the procedure used by the defendant was not authorized by § 29-3523. The then-current version of § 29-3523(2)(c)—now codified at § 29-3523(3)(c)—required that a notation of arrest be removed from the public record 3 years after the arrest if charges were filed and then dismissed by the court or prosecutor. The State argued that this statutory language "appears to apply automatically and does not authorize a person to file a petition to expunge."[29]

The Court of Appeals rejected the State's argument. The court acknowledged that the statutory language "appears to be self-executing—specifically, if the conditions fit, a notation of dismissal shall be made on the defendant's record."[30] But it concluded that "even though [the defendant] did not need to file a petition to expunge, the fact that he did so does not mean that [the defendant's] claim cannot be addressed."[31] However, the Court of Appeals concluded that the district court did not err in overruling the defendant's motion, because he had failed to present any evidence that the record of his arrest was still part of the public record.[32]

In this case, the county court and district court were correct insofar as they concluded that the procedure used by Coble was authorized by the Court of Appeals' *Blair* opinion. Like the procedure blessed in *Blair*, Coble filed a motion within the same criminal case as the record she was seeking to seal, rather than filing a separate action. The procedure used by Coble is legally indistinguishable from that in *Blair*. The county and district courts correctly adhered to binding precedent as mandated by the doctrine of vertical stare decisis.[33]

---

[29] *Id.* at 614, 767 N.W.2d at 146.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] See *State v. Hausmann*, 277 Neb. 819, 765 N.W.2d 219 (2009).

[15,16] However, this court is not bound by a precedent of the Court of Appeals under the doctrine of stare decisis.[34] Further, even if a Court of Appeals' decision was afforded the same weight as one of our own precedents, the doctrine of stare decisis does not require us to blindly perpetuate a prior interpretation of the law if we conclude the prior interpretation was clearly incorrect.[35] As we have set forth, the filing of a motion to seal criminal history records under § 29-3523 is not authorized by statute. Therefore, the holding in *Blair* was incorrect.

However, Coble argues that we should adhere to the *Blair* decision under the doctrine of legislative acquiescence.

### (ii) Legislative Acquiescence

[17] We have said that "[w]here a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent."[36]

[18,19] But the doctrine of legislative acquiescence applies only when there is a statutory provision to interpret.[37] In *Heckman v. Marchio*,[38] we rejected the argument that we should adhere to our prior decisions creating the collateral order doctrine of appellate jurisdiction, because those decisions "never purported to interpret a statute as allowing for" such appeals. Similarly here, there is simply no statutory provision allowing for the use of a motion to enforce the rights set forth

---

[34] See *State v. Barranco*, 278 Neb. 165, 769 N.W.2d 343 (2009).

[35] See *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017).

[36] *Heckman v. Marchio*, 296 Neb. 458, 465, 894 N.W.2d 296, 301 (2017).

[37] *Id.* See, generally, *Jones v. Liberty Glass Co.*, 332 U.S. 524, 68 S. Ct. 229, 92 L. Ed. 142 (1947); *State v. Spencer Gifts, LLC*, 304 Kan. 755, 374 P.3d 680 (2016); *Wenke v. Gehl Co.*, 274 Wis. 2d 220, 682 N.W.2d 405 (2004); *Hoffman v. ND Workers Compensation Bureau*, 651 N.W.2d 601 (N.D. 2002).

[38] *Heckman v. Marchio, supra* note 36, 296 Neb. at 465, 894 N.W.2d at 302-03.

in § 29-3523 (with the inapplicable exception of subsection (6)). The extent of the Court of Appeals' reasoning in *Blair* on this issue was that "even though [the defendant] did not need to file a petition to expunge, the fact that he did so does not mean that [the defendant's] claim cannot be addressed."[39] This conclusion is not protected by the doctrine of legislative acquiescence, because it does not purport to interpret the statutory text.

## VI. CONCLUSION

We need not and do not address the merits of whether Coble was entitled to the relief she sought. Nor do we endorse the county and district courts' conclusion that Coble was seeking a retroactive application[40] of the amendments in L.B. 505 to § 29-3523. Because we conclude that the county court lacked jurisdiction, we lack jurisdiction and the district court lacked jurisdiction to review the merits of the county court's order. We vacate the county court's order and the district court's order and dismiss this appeal.

Vacated and dismissed.

Wright and Kelch, JJ., not participating.

---

[39] *State v. Blair, supra* note 1, 17 Neb. App. at 614, 767 N.W.2d at 146.

[40] See, generally, *Millennium Solutions v. Davis*, 258 Neb. 293, 603 N.W.2d 406 (1999); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 263 (2012) (discussing presumption against retroactivity and stating that "retroactivity ought to be judged with regard to the act or event that the statute is meant to regulate").